[Civ. No. 14353. Second Dist., Div. Three. Sept. 28, 1945.]

JOSEPH W. TYRA, Appellant, v. BOARD OF POLICE AND FIRE PENSION COMMISSIONERS OF THE CITY OF LONG BEACH et al., Respondents.

Kenneth Sperry for Appellant.

Irving M. Smith, City Attorney, Nowland M. Reid, Assistant City Attorney, and Clifford E. Hayes, Deputy City Attorney, for Respondents.

FOX, J. pro tem.—By his petition for a writ of mandate the plaintiff sought to compel the defendant, Board of Police and Fire Commissioners, to retire him from active service in the fire department and to award him a pension under the provisions of subdivision 3 of section 187 of the Long Beach City Charter, upon the ground that he had sustained injuries while acting in the course of his employment as a fireman, as a result of which he became permanently and totally disabled from and after February, 1940. The trial court sustained an objection to the introduction of any evidence for the reason that the petition did not state facts sufficient to constitute a cause of action. The objection was based on the grounds that it appeared from the face of the petition: (1) That the relief sought was barred by the provision of subsection 1 of section 338, Code of Civil Procedure, and (2) that plaintiff had accepted the benefits of the Workmen's Compensation and Safety Act and was therefor not entitled to a pension under the provisions of the charter of the city of Long Beach. This is an appeal from the ensuing judgment of dismissal.

In his petition, which was filed August 26, 1942, plaintiff alleged that he was employed by the defendant city as a regular member of its fire department on September 1, 1929, and that he had been and was employed as a regular member of said department up to and including February 8, 1937; that on the last mentioned date, while engaged in discharging his duties as a fireman, he "fell from a step ladder which broke under him and thereby sustained an injury to his back; that at first said injury did not appear to be particularly serious, although it did incapacitate Petitioner from performing several of the duties required of him as a fireman, and necessitated a temporary cessation of his regular duties as a fireman; that at the said time the Defendant City was permissably self insured pursuant to the provisions of the Workmen's Compensation and Safety Laws of the State of California and commencing as of February 16, 1937, the Defendant City voluntarily paid to Petitioner compensation pursuant to said Workmen's Compensation Act at the rate of $25.00 per week for a period of approximately 240 weeks up to the month of September, 1941." It is further alleged that, on or about March 4, 1942, in a proceeding before the Industrial Accident Commission wherein plaintiff was applicant and the city was defendant, said commission duly and regularly rendered an award and finding of fact wherein it was adjudged that applicant sustained injuries arising out of the aforesaid accident which "eventually resulted in a permanent disability of 100%" entitling applicant to receive in addition to the aforesaid $25 per week for 240 weeks from February 16, 1937 (which period ended prior to said commission's finding and award), the further sum of $15.38 per week for the balance of his life, together with any and all medical attention made necessary by said injuries. Plaintiff also alleged "That throughout the period from February 8, 1937, to date Petitioner has been treated by doctors and surgeons provided for him by the Defendant City of Long Beach and in the month of October, 1939, underwent an operation to his back at their suggestion which said operation was performed with a view to relieving the lingering effects of said injuries and in the month of February, 1940, Petitioner was for the first time advised by his attending physicians that his disability was of a permanent nature and that he would never again be able to resume his duties as a fireman; that prior to said month of February, 1940, Petitioner was of the opinion and had been

advised by his said attending physicians that his injuries were of a temporary nature and that he would be able to resume his duties within a short time."

The pertinent portion of the aforesaid charter provision reads as follows: "Whenever any member of the Police or Fire Department shall become physically disabled or by reason of bodily injuries received in, or by reason of sickness caused by the discharge of duties of such person in such department, or shall become so physically or mentally disabled as a result of such injury or sickness as to render necessary his retirement from active service, the commission shall order and direct that such person be retired from further service in such department; and thereafter such person so retired shall, during his lifetime, be paid from said pension fund a yearly pension equal to one-half (½) of the amount of the salary attached to the rank or position held by him in such department at the date of such retirement order." It is then provided that "any pension granted to any member of the Police or Fire Department for disability or sickness, or the result thereof . . . shall cease when the disability or sickness, or the result therefrom, ceases, and such person shall . . . be restored to active duty in such department. . . ."

 Under the quoted provisions of the charter it was not necessary for plaintiff to be or to become *permanently* disabled in order to be eligible for retirement. His disability, however, must be such "as *to render necessary* his retirement from active service." (Italics added.) Measured by this test the petition fails to show on its face that the relief sought by plaintiff was barred by the statute of limitations which is three years in this case (Code Civ. Proc., § 338, subd. 1). He alleged "that *at first* said injury did not appear to be particularly serious, although it did incapacitate petitioner from performing *several* of the duties required of him as a fireman, and necessitated a *temporary* cessation of his regular duties as a fireman." (Italics added.) He further alleged "that prior to said month of February, 1940, Petitioner was of the opinion and had been advised by his said attending physicians that his injuries were of a temporary nature and that he would be able to resume his duties within a short time." These allegations certainly do not indicate that his disability was, prior to February, 1940, such "as to render necessary his retirement from active service." On the

contrary, the clear implication is that he was able to perform certain of his duties. The injuries, according to his allegation, necessitated only "a temporary cessation of his regular duties" and in his opinion and that of his attending physicians were "of a temporary nature." ▮ The fact that the city as a self-insurer under the workmen's compensation and safety laws voluntarily paid plaintiff compensation thereunder, starting a week after the accident, does not establish that his injuries were such "as to render necessary his retirement."

▮ Nor does the finding of the Industrial Accident Commission, more than five years after the accident happened (and less than six months prior to the filing of the petition herein), that the injuries suffered by plaintiff "eventually resulted in a permanent disability of 100%" establish when his injuries became "such as to render necessary his retirement." It was not alleged in the petition that plaintiff's injuries developed to be such "as to render necessary his retirement" prior to February, 1940, and it therefore did not appear on the face of the petition that the cause of action accrued more than three years prior to the filing of the petition.

▮ Under the quoted provisions of the city charter it was not necessary that the injuries which plaintiff received should be of such a character *at the time they were received* by him "as to render necessary his retirement." He would be entitled to· retirement if he became so disabled *as a result* of such injuries. This idea is emphasized in the provision for restoration to duty for it is there provided that "any pension granted to any member of the Police or Fire Department for disability or sickness, or *the result thereof* . . . shall cease when the disability or sickness, or *the result therefrom,* ceases. . . ." (Italics added.)

On a retrial it will be a question of fact for the court to determine from the evidence when plaintiff's condition became "such as to render necessary his retirement from active service." We express no opinion as to what proof would be sufficient to establish that fact. That question is not before us.

Defendants contend that under the provisions of section 188 of the Long Beach City Charter, the plaintiff waived any right he might have to a pension by accepting workmen's compensation. The said section does not so provide. For a determination of that question see *Larson* v. *Board of Police*

*& Fire Pension Commissioners et al., post,* p. 60 [162 P.2d 33], filed this date.

The judgment is reversed.

Shinn, Acting P. J., and Wood (Parker), J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied November 26, 1945. Edmonds, J., Traynor, J., and Spence, J., voted for a hearing.