[Civ. No. 17736. Second Dist., Div. Two. Dec. 20, 1950.]

JOSEPH W. TYRA, Appellant, v. BOARD OF POLICE AND FIRE PENSION COMMISSIONERS OF THE CITY OF LONG BEACH et al., Respondents.

Kenneth Sperry for Appellant.

Irving M. Smith, City Attorney, and Clifford E. Hayes, Deputy City Attorney, for Respondents.

MOORE, P. J.—By his second amended and supplemental petition appellant sued for a writ of mandate to compel respondents to grant him a disability pension from February 8, 1937, to February 1, 1940. From an adverse judgment he brings this, his third, appeal.

While engaged in the discharge of his duties as a fireman of the city of Long Beach on February 8, 1937, appellant sustained severe bodily injuries. On August 26, 1942, by his original petition, he sought to enforce his claim for a pension from February 1, 1940, and for such further payments as might become due him in accordance with section 187 of the city charter of Long Beach. The judgment that his petition did not state a cause of action was reversed. (71 Cal.App.2d 50 [162 P.2d 35].) Upon the second trial the court found that appellant was so permanently disabled as to render his retirement from active service necessary as of November 30, 1937, but since more than three years had elapsed prior to the filing of his claim, his action was barred by the three-year statute of limitations. That judgment was reversed September 29, 1948. (32 Cal.2d 666 [197 P.2d 710].) Appellant filed another application for a disability pension with the city council which had in March, 1945, taken over the duties of the Board of Police and Fire Pension Commissioners. That body granted appellant a disability pension, commencing on February 1, 1940, instead of February 8, 1937, and ordered that the applicant was not entitled to a pension from the earlier date by reason of the decision of the Supreme Court last cited. Thereupon appellant filed his second amended complaint. The issues of fact presented to the courts on each of the first two trials and on both appeals are significant and bear mightily upon the matters involved on this appeal.

During the course of the litigation there has been a controversy as to the extent of appellant's disability from the time of the accident until October, 1939, when he suffered a surgical operation with a view to removing the lingering effects of his injuries. In February, 1940, he was advised that his disability was of such a permanent nature that he would be unable ever to resume any duties as a fireman. Upon the third trial the court determined that prior to February, 1940, appellant was

not so disabled as to render necessary his retirement from active service and that respondents had not abused their discretion in denying appellant's application for pension prior to February 1, 1940.

The appeal is met at the threshold by three insurmountable handicaps. It is contended that the evidence supports the finding that appellant's disability was not such as to necessitate his retirement from active service and that he was able to perform certain duties required of a fireman between February 8, 1937, and February 1, 1940. While some of the proof strongly favors the claim of appellant, it is not that to which the reviewing court must look. ■ On appeal, while evidence rejected by the trial court is not considered in determining whether the judgment is supported, yet every reasonable and deducible inference and presumption favorable to the judgment are invoked. (*Ahern* v. *S. H. Kress & Co.*, 97 Cal. App.2d 691, 692 [218 P.2d 108].) ■ It has become axiomatic that a judgment cannot be reversed upon the asserted insufficiency of the evidence if the appellate court determines that there is any substantial evidence to support the finding. (*Fackrell* v. *City of San Diego*, 26 Cal.2d 196, 207 [157 P.2d 625, 158 A.L.R. 625] ; *Crawford* v. *Southern Pacific Co.*, 3 Cal. 2d 427, 429 [45 P.2d 183].)

While under examination by the court, appellant testified that in 1937 after his injury he could have made an effort to perform the duties of a dispatcher which was a sitting job. During that year he called upon the fire chief more than once and asked to be assigned to duty in the department. One physician who treated appellant in 1939 testified that he could sit at a desk but that the amount of work he could do would have been dependent upon the degree of pain he suffered. Two other doctors were unable to venture an opinion as to whether he could perform such duties. If physicians cannot tell whether appellant could have performed tasks such as that of dispatcher, after the injury and prior to February 1, 1940, since he himself urged his return to duty, it was a reasonable inference that pain would not have prevented the performance of his duties. Not only did appellant seek a return to his work as fireman, but throughout his continuous effort to establish his rights, through the two former trials and the appeals from the adverse judgments, appellant earnestly contended that his disability was not such as to require his retirement until February, 1940. In his original petition he alleged ''at first said injury did not appear to be particularly serious, although it

did incapacitate petitioner from performing several of the duties required of him as a fireman . . . that his injuries were of a temporary nature and necessitated only a temporary cessation of his regular duties.'' On the first appeal, Mr. Justice Fox in commenting upon such pleading made the observation that ''these allegations certainly do not indicate that his disability was, prior to February, 1940, such as to render necessary his retirement from active service. On the contrary, the clear implication is that he was able to perform certain of his duties.'' (71 Cal.App.2d 53.)

Subsequent to the return of the remittitur, appellant amended his petition (January, 1946) alleging that his ''injury did not appear to be particularly serious . . . that prior to February, 1940, petitioner was of the opinion and had been advised by his attending physicians that his injuries were of a temporary nature and that he would be able to resume his duties within a short time.'' By that amended petition, appellant contended that he was entitled to a pension beginning in February, 1940. From the judgment declaring that the petitioner became so disabled as to necessitate his retirement in November, 1937, Tyra appealed. In his brief he declared, ''the evidence without substantial dispute reveals that appellant's physical condition did not become such as to necessitate his retirement from active service until February 1, 1940 . . . the foregoing evidence is entirely inconsistent with the findings of the trial court, which are to the effect that on or before the 30th day of November, 1937, the petitioner was totally and permanently disabled as a direct and consequent result of said injuries. . . . The evidence without dispute establishes the fact that appellant was experienced in the Fire Alarm Bureau, and that at no time prior to his operation in October of 1939 was his physical condition such that he was unable to perform the duties attendant upon this position.'' He repeated such contentions in his petition for hearing in the Supreme Court. In its opinion (32 Cal.2d 669) that tribunal declared, ''plaintiff's possible limited capacity to perform certain duties in the fire department indicated an absence of necessity for his retirement.''

The evidence of appellant's pathetic condition, viewed most strongly in his favor is an eloquent plea for any relief that might be extended. But it is not that evidence that governs this decision. Appellant has heretofore contended with effect the very contradiction of his present arguments. He is

in the anomalous position of requesting the court to reverse itself and to grant him a pension for the period prior to 1940 even though he contended at two former trials that he was not so disabled as to require retirement during the three-year period following his injury. On the basis of his inconsistent allegations alone in his several petitions and appeals the trial court was warranted in finding against his contentions. Such allegations are before the court under the doctrine of judicial notice. (*Gackstetter* v. *Market Street Railway Co.*, 10 Cal. App.2d 713, 716 [52 P.2d 998].) If between the years 1942 and 1949 he seriously contended in pleadings and arguments that he was not so disabled following his injury as to necessitate his retirement he can lay his undoing to a most unfortunate practice of trying to achieve by contradictory courses.

In fact, if it may not be said that appellant is foreclosed by the doctrine of res judicata, clearly, he is estopped by his contrary course through two former trials and appeals. He is in no better position than that litigant who in the course of an appeal, or on a second trial, changes his theory from that originally asserted as the basis for recovery. Such departures from a position once seriously declared are not to be tolerated. (*Adams* v. *Petroleum Midway Co.*, 205 Cal. 221, 225 [270 P. 668].) There is no judicial action that can under existing ordinances gratify appellant's litigious longings.

Judgment affirmed.

McComb, J., and Wilson, J., concurred.

A petition for a rehearing was denied January 8, 1951, and appellant's petition for a hearing by the Supreme Court was denied February 15, 1951. Carter, J., voted for a hearing.