METCALF v. McADOO, Police Com'r.

(Supreme Court, Special Term, Kings County. October, 1905.)

1. MUNICIPAL CORPORATIONS—POLICE DEPARTMENT—RETIREMENT OF POLICE-MAN—CERTIFICATE OF DISABILITY.

New York City Charter, Laws 1901, pp. 154–157, c. 466, §§ 355–357, authorizes the police commissioner to remove a police officer and place him on the pension fund, "upon a certificate of so many of the police surgeons as the commissioner may require" showing that he is permanently disabled so as to be unfit for duty, which certificate is to be filed in the police department. Section 276 allows 40 surgeons to the police department, but does not constitute them a board. *Held*, that a certificate of disability, purporting to be a resolution passed by the "board of surgeons of the police department" and certified by the board's president and secretary, which does not show how many or who of the 40 police surgeons were present, or how those present voted on the resolution, does not comply with the statute, and is insufficient to authorize the retirement of a police officer.

2. SAME—POLICE SURGEONS—ORGANIZATION INTO BOARD.

Since New York City Charter, Laws 1901, p. 118, c. 466, § 276, allowing 40 surgeons to the police department, does not constitute such surgeons a board, the police commissioner has no power to form them into a board, and a rule of the police department purporting so to do is invalid.

3. SAME—RETIREMENT OF POLICEMAN—UNFITNESS FOR DUTY.

> Under New York City Charter, Laws 1901, pp. 154–157, c. 466, §§ 355–357, authorizing the police commissioner to remove an officer and place him on the pension fund roll upon a certificate of police surgeons showing that he is "permanently disabled, physically or mentally, so as to be unfit for duty," the officer, in order to be retired, must be substantially unfit for the duty required of one of his rank or place in the force, and a certificate stating that an officer is unfit "for the performance of full police duty" is insufficient to authorize his retirement.

Application by Henry Metcalf for a writ of mandamus to compel William McAdoo, as police commissioner of the city of New York, to restore petitioner to his office as sergeant of police. Writ granted.

Alfred E. Sander, for petitioner.

John J. Delany, Corp. Counsel, for respondent.

GAYNOR, J. The petitioner has been unlawfully removed from his office of police sergeant. The police commissioner had authority to remove him and place him on the pension fund roll, as he has done, but only "upon a certificate of so many of the police surgeons as the police commissioner may require," showing that he is "permanently disabled, physically or mentally, so as to be unfit for duty"; and such certificate is to be filed in the police department. Charter, §§ 355–357 (Laws 1901, pp. 154–157, c. 466). No such certificate was made and filed. The police commissioner ordered the "board of surgeons" to convene and examine the petitioner. The number of police surgeons allowed by the city charter is 40 (section 276), but the charter does not constitute them a board. And, as we have seen, the certificate is required to be by "so many of the police surgeons as the police commissioner may require," and not by a board. The certificate made and filed in this case purports to be a resolution passed by the "board of surgeons of the police department," certified by the board's president and secretary. These are the only names revealed. It does not show how many or who of the 40 police surgeons were present, or how those present voted on the resolution, whether for or against. There is a mere resolution of a board, whereas the law has created no board, and the requirement of the law is not for a certificate of any board or body acting by resolution, but of as many in a given case of the police surgeons as the police commissioner may require, acting in their individual capacities. As the case is, if the certificate be false, as the petition claims, there is no one revealed whom he can sue for damages therefor; whereas if the certificate were made by individual surgeons, as the law requires, the petitioner could sue them for damages. They would also be open to public criticism for their action. The law calls for the responsible certificate of surgeons in their individual capacity, as a safeguard to the members of the force, the police commissioner to appoint the surgeons and determine the number required to make the certificate. There being no such certificate in this case, the police commissioner acted without jurisdiction in removing the petitioner.

My attention is called to a rule of the police department that the police surgeons constitute a board. But the commissioner has no power to make them more or other than the statute makes them. In the

rage for rules and by-laws we have a mass of void or doubtful rules and by-laws in the departments of this city. But I apprehend that this is one of the rules of the old city of New York, and by its charter (section 357) the police surgeons were constituted a board. Under that charter the "board of surgeons" had to make the certificate, but the charter of the new city dropped that requirement and substituted in its stead a requirement of a certificate in each case of a number of surgeons to be determined by the police commissioner.

Also, the requirement of the charter is that the certificate has to be that the subject "is permanently disabled, physically or mentally, so as to be unfit for duty." The present certificate is that the petitioner is unfit "for the performance of full police duty." The statute does not use the word "full," and it is manifest that it can be cunningly or disingenuously used for an evasion of the statute. Whether a member of the police force is unfit for police duty depends on his rank or place in the force. One physically unfit to be a patrolman or a roundsman might be entirely fit to be an inspector, a captain or a sergeant. This petitioner may not be fit for mounted service, or to chase a criminal in a hue and cry as fleetly as formerly, and yet be not "unfit for duty," which are the words of the statute. The meaning of the words of the statute is that the subject must be substantially unfit for duty. He might not be as efficient as a younger man; he might not be fit to do some minor or particular thing; and in that sense he might not be fully fit; and yet he might be substantially fit for duty, and the surgeons would in honesty have to so certify. But this word "full" in their certificate may refer to some trivial thing for which they would not certify the subject substantially unfit for duty, but might be persuaded to certify him unfit for "full" duty. A very little thing might be all that this word would be used for. If the surgeons may interpolate it, they are enabled to make a distinction which rests in their own minds only, and is not revealed.

The peremptory writ is granted.