[L. A. No. 20603.   In Bank.   Sept. 29, 1948.]

JOSEPH W. TYRA, Appellant, v. BOARD OF POLICE AND FIRE PENSION COMMISSIONERS OF THE CITY OF LONG BEACH et al., Respondents.

Kenneth Sperry for Appellant.

Irving M. Smith, City Attorney, Nowland M. Reid, Assistant City Attorney, and Clifford E. Hayes, Deputy City Attorney, for Respondents.

SHENK, J.—The plaintiff sought the writ of mandate directing the defendants Police and Fire Pension Commissioners of the city of Long Beach to order his retirement on a pension pursuant to section 187(3) of the city charter. (Stats. 1931, p. 2780.) The trial court concluded that the proceeding was barred by the provisions of section 338, subdivision (1), of the Code of Civil Procedure. The plaintiff appealed from the judgment denying his application.

The plaintiff became a member of the fire department of the city of Long Beach on September 1, 1929, and was assigned to duty as a fireman. On February 8, 1937, in the course of his employment, he was precipitated in a sitting position from

a collapsing stepladder, sustaining injuries to his spine and left hip which necessitated his absence from his duties as fireman. On November 30, 1937, he filed an application with the Industrial Accident Commission for an award based on total permanent disability. On March 4, 1942, he was granted workmen's compensation benefits and lifelong medical care based on 100 per cent permanent disability. On December 30, 1941, and again on April 11, 1942, he applied to the defendants for a pension, but the applications were denied. He filed the petition for the writ of mandate in the superior court on August 26, 1942.

Section 187 (1) of the charter of the city of Long Beach in effect during the period here involved created the Board of Police and Fire Pension Commissioners to administer the pension provisions of that section. Subdivision (3) provided that whenever a member of the police or fire department should become so physically disabled by reason of bodily injuries received in the discharge of duties "as to render necessary his retirement from active service, the commission shall order and direct that such person be retired from further service" and be paid from the pension fund in monthly installments an amount equal to one-half of his salary. It was also provided that no person should be retired unless there had been filed with the commission, prior to the granting of the pension, certificates of disability from three regularly licensed practicing physicians of the city, including the police surgeon, a physician selected by the commission, and a physician selected by the person applying for the pension.

Section 188 of the charter provided that the provisions of section 187 were to be in lieu of the provisions of the Workmen's Compensation Act and that a person applying for a pension should be deemed to have waived the benefits under that act; but that if the Supreme Court of the state should decide that the provisions of the compensation act could not be waived, then the payments under the pension provisions should be credited on the amounts allowed under the Workmen's Compensation Act.

This is the second appeal in this proceeding. The first appeal was from a judgment of dismissal entered on an order sustaining the defendants' objection to the introduction of evidence on the ground that the petition showed that the alleged cause was barred by the provisions of section 338, subdivision 1, of the Code of Civil Procedure; also on the

ground that the plaintiff, having accepted the benefits of the Workmen's Compensation Act, was not entitled to a pension under the provisions of the city charter. On that appeal it was held that neither the allegations of the petition nor the finding and order of the Industrial Accident Commission showed that the disability was permanent so as to necessitate retirement prior to February, 1940. On the authority of *Larson* v. *Board of Police & Fire Pension Commissioners* (1945), 71 Cal.App.2d 60 [162 P.2d 33] (see also *Johnson* v. *Board of Police etc. Pen. Commrs.* (1946), 74 Cal.App.2d 919 [170 P.2d 48], it was concluded that by accepting benefits under the Workmen's Compensation Act the plaintiff did not waive his right to a pension. (*Tyra* v. *Board of Police & Fire Pension Commissioners,* 71 Cal.App.2d 50 [162 P.2d 35].)

The plaintiff then filed an amended and supplemental complaint. The defendants answered. At the trial there was testimony of the plaintiff and of several physicians, some of whom were produced by the city of Long Beach, that at first his disability was temporary and he would be able to resume his duties; that the disability was not determined to be permanent until an operation on his spine, suggested by the city and performed in October, 1939, failed of its purpose to restore greater mobility; that before the operation he was able to move about to a limited extent; but that as a result of the operation he was unconscious from a condition of complete paralysis for a period of 28 days and that he was not advised until about February 1, 1940, by his attending physicians that he would never be able to walk again. The trial court found and determined that November 30, 1937, was the date when the plaintiff was so totally and permanently disabled as to render necessary his retirement from active service in the fire department, and that since more than three years had elapsed the proceeding was barred by the provisions of subsection 1 of section 338 of the Code of Civil Procedure.

It is the plaintiff's contention that the evidence does not support the finding and conclusion. The plaintiff's application of November 30, 1937, to the Industrial Accident Commission sought workmen's compensation benefits on the basis of total permanent disability. It is not contended by the defendants that there was any determination that the disability was total and permanent until the award of the Industrial Accident Commission dated March 2, 1942. The trial court was apparently of the opinion that the application of

the plaintiff for compensation benefits alleging total permanent disability created a conflict in the evidence and that those allegations in the compensation matter were binding and conclusive on the plaintiff in the pension matter. On the other hand, the plaintiff's possible limited capacity to perform certain duties in the fire department indicated an absence of necessity for his retirement from all service. The city charter, in section 187 (3), vested discretion in the defendants and the city to retain in or restore to employment a member having only partial disability even though he had been granted a pension. The plaintiff was not removed from employment for disability pursuant to civil service regulations, but was retained as on sick leave. It is unnecessary to determine whether the trial court erred in receiving the evidence of the inconsistent allegations in the collateral matter either as an admission against interest or for impeachment purposes because of our determination in respect to other contentions next to be considered.

In his amended and supplemental petition the plaintiff pleaded the elements of estoppel on the part of the defendants to interpose the bar of the statute of limitations. Although it was denied by the answer, it is now conceded that the defendants and the attorneys representing them advised the plaintiff that so long as he was receiving workmen's compensation benefits he was not entitled to a pension. He was advised that he could not have both, and that benefits under the compensation act were ''in lieu of and in place of the benefits provided in section 187 of the Charter.'' This position of the defendants amounted to a departmental rule of action at least until the decision in the cases of *Tyra* v. *Board of Police etc. Commrs.* and *Larson* v. *Board of Police etc. Commrs., supra.* In the latter decision (71 Cal.App.2d at 63) it was pointed out that there was no such provision in the charter, the provision of section 188 being that the acceptance of the pension benefits under the charter would be deemed a waiver of benefits under the provisions of the compensation act. Responsive to those decisions the defendants did not include the defense of waiver in their answer to the amended and supplemental petition. But the failure of the defendants now to insist upon waiver on the part of the plaintiff does not absolve them from the effect of their conduct as a rule of the department by which the plaintiff was persuaded not to apply for a pension until some time in 1941. The delay charged to the plaintiff was induced by the erroneous position

and advice of the defendants and their attorneys. They may not therefore now properly interpose the defense as a bar to the plaintiff's delayed course of action. The doctrine of equitable estoppel declared and applied in such cases as *Farrell* v. *County of Placer,* 23 Cal.2d 624 [145 P.2d 570, 153 A.L.R. 323] (cases cited at p. 628), and *Benner* v. *Industrial Acc. Com.,* 26 Cal.2d 346 [159 P.2d 24] (cases cited at p. 349), is applicable under the circumstances here presented.

Moreover, the provisions of the city charter should not be construed as necessarily fixing any particular point of time or event when the operation of the statute of limitations would commence in cases where the commission's determination of the effects of the injury was essential to the creation of the right. The duty of the defendants to grant the pension may not always attach automatically upon the happening of an accident as where the right to a widow's pension accrues upon the death of the employee (*Dryden* v. *Board of Pension Commissioners,* 6 Cal.2d 575 [59 P.2d 104], *Dillon* v. *Board of Pension Commissioners,* 18 Cal.2d 427 [116 P.2d 37, 136 A.L.R. 800]). Here something more than the happening of the injury was intended by a provision requiring the commission to order payment of pension whenever a member of the department should become so physically or mentally disabled as a result of the injury as to render necessary his retirement from active service. As said in *Brooks* v. *Pension Board,* 30 Cal.App.2d 118, 123 [85 P.2d 956], it is not the illness or injury but the resulting inability to perform the work that is the controlling factor in establishing the right to a pension. The duty of the defendant did not attach nor was the right created until that further point of time was reached. It could not be fixed without a determination of the results of the injury, the condition of the employee and the necessity for the retirement. These matters were left to the determination of the commission which had the power and duty to direct the payment of the pension. There was no charter provision limiting the time with relation to any specified event within which a member of the department must make his request to the commission. The required certificates did not have the effect of commencing any limitation period. They were merely the necessary evidentiary justification for action by the commission. (*Holt* v. *Board of Police etc. Commrs.,* 86 Cal.App. 2d 714, 719 [196 P.2d 94]; *Metcalf* v. *McAdoo, Police Comm'r,* 48 Misc. 420 [95 N.Y.S. 511].)

The defendants' reliance on *Dillon* v. *Board of Pension Commissioners, supra* (18 Cal.2d 427) is unavailing because of the difference in the factual situation and the charter provisions. The statement in the Dillon case that the action to determine the existence of the right necessarily precedes any right to recover pension installments, does not foreclose a determination that the right has not come into existence until the commission has concluded that the condition of disability renders retirement necessary or has arbitrarily refused to do so. No other conclusion is tenable in view of the policy of liberal construction and application of pension provisions. (*Dillard* v. *City of Los Angeles,* 20 Cal.2d 599, 602 [127 P.2d 917] ; *Gibson* v. *City of San Diego,* 25 Cal.2d 930, 934 [156 P.2d 737] ; *Dierkes* v. *City of Los Angeles,* 25 Cal.2d 938, 942 [156 P.2d 741] ; *England* v. *City of Long Beach,* 27 Cal. 2d 343, 346-7 [163 P.2d 865] ; *Larson* v. *Board of Police etc. Commrs., supra,* 71 Cal.App.2d at p. 63.)

Since unquestionably the plaintiff became totally incapacitated at some point of time subsequent to the operation performed during the latter part of 1939, it must be concluded that the defendants' rejection of the first pension application of the plaintiff made in 1941 was unsupported by the evidentiary facts.

The judgment is reversed.

Gibson, C. J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.