[Civ. No. 14534. First Dist., Div. One. Jan. 2, 1951.]

RICHARD C. CRUISE et al., Appellants, v. CITY AND COUNTY OF SAN FRANCISCO, Respondent.

M. Mitchell Bourquin and Franklin A. Dill for Appellants.

Dion R. Holm, City Attorney, and Joseph F. Murphy, Deputy City Attorney, for Respondent.

PETERS, P. J.—The trial court, after first denying plaintiffs' motion to amend their complaint, granted defendant city's motion for judgment on the pleadings. Plaintiffs appeal. It was the theory of the trial court that the complaint was fatally defective in that it disclosed that the claim required to be filed in such actions was filed ten days too late, and that facts sufficient to raise an estoppel were not pleaded.

The complaint alleges that plaintiff Fannie B. Cruise, while a passenger on a city bus, was injured as the result of the negligence of the operator of the bus, and that, as a result of the injuries suffered, was unable to work for 14 weeks. The accident occurred on October 25, 1947. Special damages in excess of $739.20 are pleaded and general damages of $10,000 alleged.

The answer of the city denies the allegations of the complaint and pleaded contributory negligence as a defense, but, at the hearing, the city admitted liability, urging that there were only two issues to be determined, first, the extent of the damages, and secondly, the validity of the city's defense that a claim had not been seasonably filed.

So far as the claim is concerned, Paragraph VII of the complaint contains the key allegations. It alleges: "That on October 28, 1947, and within three days after the occurrence of said accident, the claim adjuster of said City and County called upon plaintiff Fannie B. Cruise and obtained from her a full report of said accident, including her name and address, the date and place of the occurrence, the injury from which damage arose, the nature and character of said injury and damages, and the items making up the same; that on said occasion said claim adjuster asked plaintiff if she desired to settle her claim and, being advised that she did, told her to take the same up with another representative of said City and County at Room 8, 2600 Geary Blvd., as soon as she was able to be out. That on November 28, 1947, plaintiff Fannie B. Cruise called upon the representative designated at the address aforesaid and he told her to furnish him with a doctor's report of her injury and a statement from the union of which she was a member certifying that she would have been working had she been able to work during the period since said accident, and to bring the aforesaid in to him when she was able to obtain them. That on December 19, 1947, plaintiff Fannie B. Cruise telephoned the last-mentioned representative of said City and County to make an appointment for the following day to deliver the report and statement requested of her; that upon said occasion said representative of said City and County told said plaintiff that he would be unable to see her the following day but to mail the documents in to him and if he needed further information *she would hear from him but otherwise nothing further would be required.* [Italics added.] That on the 20th day of December, 1947, said plaintiff mailed to the aforesaid representative of the City and County at Room 8, 2600 Geary Boulevard, the report of her doctor of the nature and extent of her injuries and a statement of her union testifying to her working status, and heard nothing more from said City and County until her return to her home at the end of the day on December 24, 1947, when she found under the door a communication from said City and County, together with a form of claim, with the advice

that she must sign and file the same with the Controller before 4 P. M. of said date. That the hour of 4 P. M. had already passed. That on the 3rd day of January, 1948, plaintiff filed and presented to the Controller her written, verified claim of the injury and damage aforesaid in the manner and form prescribed by law.''

During the hearing of the motion for judgment on the pleadings appellants requested that they be permitted to amend the complaint to allege:

1. That the city's representatives told Fannie Cruise that, if she supplied the requested information (name, address, doctor's report, statement from her union that work was available, and a description of her injuries), ''they would take care of her claim''; and

2. ''That the claims representatives of the City and County of San Francisco in their discussions with this lady did not tell her that it would be necessary to hire any attorney or outside help to settle her claim, and said that, upon receipt of the information set forth in the paragraph, which she furnished, that they would settle her claim,'' and that this plaintiff relied upon these representations.

█ The trial court denied the request to amend. If the proposed amendments, together with the allegations contained in Paragraph VII of the complaint, aver an estoppel, it was clearly error to deny the request to amend. The proper rule was stated in *MacIsaac* v. *Pozzo*, 26 Cal.2d 809, 815 [161 P.2d 449], quoting *Kelley* v. *Kriess*, 68 Cal. 210, 212 [9 P. 129]: '' 'If plaintiff has a good cause of action, which by accident or mistake he has failed to set out in his complaint, the court, on motion for judgment on the pleadings, should, on his application so to do, permit him to amend.' . . . and when the facts stated indicate that the party probably has a good cause of action or defense, but that it has been pleaded imperfectly or defectively, and the defects have not been called to his attention by demurrer or by a notice of motion for judgment on the pleadings, the court should not grant the motion without first giving the party an opportunity to elect whether he will stand on his pleadings or amend them. The granting of the motion without leave to amend would in many cases be an absolute denial of justice, and is directly opposed to the policy of the law that cases should be tried and decided on the merits.''

It should be noted that in the present case neither a demurrer nor a notice of motion for judgment on the pleadings

was filed. The point in reference to the claim was first raised on the day set for trial.

Another rule of law must be kept in mind. If the complaint alone, or with the proposed amendments, pleaded an estoppel, the question as to whether such estoppel exists is a question which should be left to the trier of fact to be determined as a question of fact, and not determined as a question of law. (*Judelson* v. *American Metal Bearing Co.,* 89 Cal.App.2d 256, 266 [200 P.2d 836]; *Gump* v. *Gump,* 42 Cal.App.2d 64, 69 [108 P.2d 21].)

 Under the present state of the law there can be no doubt that the tardy filing of the required claim may, in a proper case, be excused, and the governmental agency may, in such a case, be estopped from urging strict compliance with the statutory provision. While it is true that prior to 1944 the courts had held that strict and literal compliance with claims statutes was required, and that, regardless of the harshness of the result, a governmental agency could not be estopped from pleading non or late compliance, in that year the Supreme Court reappraised its former opinions and adopted a more liberal, just and fair rule. In the well-reasoned case of *Farrell* v. *County of Placer,* 23 Cal.2d 624 [145 P.2d 570, 153 A.L.R. 323], it was held that, in a proper case, the governmental agency may be estopped from relying upon the defense of late compliance, and that substantial compliance is all that is required. In so holding, the court stated (p. 630) : ''Although it has been repeatedly held that compliance with the appropriate claim statute is mandatory and an essential requisite to plaintiff's cause of action, nevertheless the time element with respect to the filing of the claim is essentially procedural in nature [citations omitted] and is analogous to a statute of limitation. [Citations omitted.] It has been intimated by some authorities that the claim statute is the measure of the power of the governmental agency in paying the tort claims involved, and hence any deviation from that procedure cannot be dispensed with by waiver, estoppel, or otherwise. That conclusion, at least with respect to the time of filing the claim, is not supported by the statute or reason. . . . From the standpoint of the agency it has general power to pay claims arising from the liability imposed by the public liability act. Hence the filing of the claim within ninety days, while mandatory upon the claimant and a condition precedent to his cause of action, is nothing more than a procedural requirement as to the agency, which, as to the claimant, may

be excused by estoppel. There are cases where the procedure specified in the statute is manifestly the measure of the power. [Citation omitted.] There are instances where the procedural steps are not the measure of the power and estoppel may be invoked against a governmental agency from relying upon irregularities therein. [Citations omitted.] This court has held that compliance with the claim statute is not jurisdictional with respect to the power of a court to give judgment against the governmental agency where no claim was filed. (*Redlands etc. Sch. Dist.* v. *Superior Court*, 20 Cal.2d 348 [125 P.2d 490].)''

The rule of the Farrell case has been applied to various factual situations. (*Tyra* v. *Board of Police etc. Commrs.*, 32 Cal.2d 666 [197 P.2d 710]; *County of Sacramento* v. *City of Sacramento*, 75 Cal.App.2d 436 [171 P.2d 477]; *Benner* v. *Industrial Acc. Com.*, 26. Cal.2d 346 [159 P.2d 24]; *Katz* v. *A. J. Ruhlman & Co.*, 69 Cal.App.2d 541 [159 P.2d 426]; *Schulstad* v. *City and County of San Francisco*, 74 Cal.App.2d 105 [168 P.2d 68]; *Mendibles* v. *City of San Diego*, 100 Cal. App.2d 502 [224 P.2d 42].)

These cases establish the law to be that a city, in a proper case, may be estopped from relying on the defense of non or late compliance with the statute, and that substantial compliance is all that is required. The old doctrine of strict and literal compliance, with its attendant harsh and unfair results, has disappeared from our law.

Inasmuch as strict compliance with the claims statute is no longer required and an estoppel may exist, in ascertaining whether or not failure to comply strictly should be excused or an estoppel held to exist it is important to keep in mind the purpose of the claims statute. It has been repeatedly stated by the courts that ''The principal purpose of the requirement that claims be filed is to provide the city with full information concerning rights asserted against it, so that it may settle those of merit without litigation.'' (*Natural Soda Prod. Co.* v. *City of Los Angeles*, 23 Cal.2d 193, 203 [143 P.2d 12]; see, also, *Knight* v. *City of Los Angeles*, 26 Cal.2d 764, 767 [160 P.2d 779]; *Holm* v. *City of San Diego*, 35 Cal.2d 399, 400 [217 P.2d 972].)

██ ██ Tested by the standards set up by these cases, and keeping in mind that, where the governmental agency has been notified of the accident in timely fashion, has had full opportunity to investigate it, and is supplied with all information requested of the injured person, the main purpose of

the claims statute has been fulfilled, there can be no reasonable doubt but that the allegations of Paragraph VII, and certainly those allegations plus the proffered amendments, properly pleaded an estoppel. It is alleged that within three days of the accident the plaintiff Fannie Cruise gave a claim adjuster of the city a complete account of the accident, and told him that she desired to settle her claim; that the claim adjuster then told her whom to see in order to accomplish this result; that within a month thereafter this plaintiff called upon the representative of the city designated, and he told her to furnish him with certain documents; that on the 55th day after the accident this plaintiff telephoned the proper representative of the city and tried to make an appointment to deliver the requested documents the next day; that she was informed that the city's representative could not then see her, but that she should mail the requested documents to him "and if he needed further information she would hear from him but otherwise nothing further would be required"; that she immediately mailed the requested documents to the proper person; that she heard nothing more from the city or its representatives until December 24th (which was the 60th day within which under section 87 of the charter the claim should have been filed); that on that day she returned home after 4 p.m. and found under her door a notice telling her that the claim had to be filed by 4 p.m. of that day; that the claim was filed on January 3, 1948, ten days late. By the proposed amendments plaintiffs offered to plead that the city's representatives told Fannie Cruise that if she supplied the requested information "they would take care of her claim" and that "they would settle her claim," and that she relied upon these representations.

While it is true that the city's representatives were not required to tell plaintiff to file a claim or to secure the services of an attorney, and while it is also true that there is no allegation, as there was in the Farrell case, that the governmental agents told plaintiff not to see an attorney, those representatives if they did speak were required not to tell plaintiff anything that would reasonably tend to mislead her.

The story of the transaction here involved as disclosed by the pleading is one in which the plaintiff is approached by the city's representatives and told that all that is necessary for the settlement of her claim is for her to produce certain information and certain documents. She is told, according to the complaint and proposed amendments, that if she does

these things the city will settle her claim. She gives the information and produces the documents. Now the city claims that she should have also filed the formal claim within the time specified in the charter. The city had all the information necessary to investigate the accident. It concedes that such investigation disclosed that the claim is meritorious because it admits liability. Certainly from these pleaded facts, if proved at the time of trial, the trier of the facts could reasonably infer that the representations lulled the plaintiff into the reasonable belief that nothing more need be done by her, and were intended, by the city representatives, to have this effect. The rules as to estoppel, supported by many cases, are thus stated in 10 California Jurisprudence, page 626, section 14: ''The vital principle of equitable estoppel, it has been said, is that he who by his language or conduct leads another to do what he would not otherwise have done shall not subject such person to loss or injury by disappointing the expectations upon which he acted. . . . In general, four things are essential to the application of the doctrine of equitable estoppel: first, the party to be estopped must be apprised of the facts; second, he must intend that his conduct shall be acted upon, or must so act that the party asserting the estoppel had a right to believe it was so intended; third, the other party must be ignorant of the true state of facts; and fourth, he must rely upon the conduct to his injury.''

Certainly, if a governmental agency were not involved it would be held that the facts pleaded allege an estoppel. ▮ Whether an estoppel exists against the government should be tested generally by the same rules as those applicable to private persons. The government should not be permitted to avoid liability by tactics that would never be countenanced between private parties. The government should be an example to its citizens, and by that is meant a good example and not a bad one. It should be mentioned that the city in its brief does not cite one case in support of the rulings of the trial court.

The judgment appealed from is reversed.

Bray, J., and Wood (Fred B.), J., concurred.