[Civ. No. 14556. First Dist., Div. Two. Jan. 26, 1951.]

CHARLSIE LOVELADY, Respondent, v. SACRAMENTO CITY LINES (a Corporation) et al., Appellants.

Donohue, Richards, Rowell & Gallagher, Bryant M. Bennett and Joseph A. Woods, Jr., for Appellants.

Nichols, Richard, Allard & Williams for Respondent.

DOOLING, J.—Plaintiff was awarded $13,500 by a jury for personal injuries received in an automobile collision. On appeal the sole point made is that the damages are excessive. Plaintiff in June, 1948, the time of the collision, was 32 years of age, married and the mother of young children, with a life expectancy of 36 years. (58 C.J.S., 1212.) Her special damages were $1,632, leaving a balance of $11,868 for general damages.

She received an injury to her lower back and neck which her physicians testified was a muscle injury due to extreme stretching that resulted in a rupture of the fibres which in healing formed scar tissue. The pain in her back and neck proved so stubborn that in September, 1948, she was sent

to a hospital and placed in traction for approximately a month after which she was encased in a full body cast for another month. This gave her some relief but in November, 1949, the time of the trial, while the neck pains were no longer serious her back had stiffened up and was giving her more trouble. She was still wearing a steel support, her back was never free from pain and as a result she was only able to do part of her housework. Her orthopedist testified that the painful and impaired condition of her back "is a permanent thing. It will have its ups and downs, of course, some days worse and some days better, but it will continue."

For an expected 36 years of a continuously painful back which requires the wearing of a brace and with restriction of motion the jury awarded a young wife and mother $11,868. We cannot agree with appellants that this is excessive.

Appellants produced an expert who testified that X-rays showed osteochondritis of the vertebrae and osteitis condensans, a condition of the pelvis following childbirth, neither of which was caused by injury. This expert testified that the continued pain and loss of motion in plaintiff's back were due to these conditions. The jury weighed the evidence and chose to believe plaintiff's experts who testified that the plaintiff's impairment and pain were caused by muscle stretching and scar tissue. Where witnesses differ, under our system, the jury's decision is final. It appears futile to repeat this statement which, though it runs through the decisions like a monotonous refrain, seems never to reach the consciousness of attorneys for appellants.

Judgment affirmed.

Nourse, P. J., and Schottky, J. pro tem., concurred.