[L. A. No. 22577. In Bank. Oct. 27, 1953.]

EDMUND CROWLEY, Respondent, v. WALTER P. THOMSON, Appellant.

Freda B. Walbrecht, Leslie R. Tarr and Holbrook & Tarr for Appellant.

Boone & Satchell and James T. Satchell for Respondent.

SHENK, J.—Defendant appeals from a judgment for the plaintiff which ordered the dissolution of their partnership and the distribution of its assets. The appeal is on the judgment roll.

Plaintiff and defendant entered into a partnership agreement for the purpose of redrilling an oil well known as "Bowles No. 1." The agreement in part provided that: (1) Defendant would transfer an oil lease to the partnership subject to an overriding royalty of 7½ per cent. ("Bowles No. 1" was on the property covered by this lease.) (2) Plaintiff would contribute 75 per cent and defendant 25 per cent of the monies necessary to restore and operate the well. (3) Each partner would have a one-half interest in the partnership and share equally in the profits and losses. (4) All questions of control, management, and operation would be determined by the mutual understanding of the partners.

Pursuant to the agreement defendant assigned the lease to the partnership. Plaintiff contributed $9,000 and defendant $3,000 to the partnership. After this, plaintiff consulted certain petroleum engineers who advised him that the project upon which the partnership was embarking was economically not feasible. Relying on this information plaintiff refused to consent to further operations of the partnership. The defendant refused to voluntarily dissolve the partnership and distribute its assets and plaintiff brought this action. In the meantime the lease expired because the partnership did not commence drilling operations in time. The defendant cross-complained for damages alleging that plaintiff had wrongfully frustrated the purpose of the partnership.

The trial court found the material allegations of the complaint to be true and those of the cross-complaint to be untrue.

It ordered the partnership dissolved. It further ordered that plaintiff be awarded $9,000 and defendant $3,000 (certain partnership expenses were deducted from these amounts—each partner contributing one-half of the total deducted.) The now worthless lease was ordered returned to the defendant.

The principal question presented on appeal is whether the distribution of assets ordered by the trial court was correct.

Defendant argues that the lease had value when he assigned it to the partnership. He asserts that its value was $6,000. His pleadings indicate that he paid $500 for it, but this is not conclusive of its actual value. He points to Corporations Code section 15018 which provides: "The rights and duties of the partners in relation to the partnership shall be determined, subject to any agreement between them. . . ." Defendant then refers to paragraph 5 of the agreement which contains the following: "The parties hereto shall share equally in the profits, if any, of the partnership, and . . . the losses, if any, of the partnership shall be borne by and charged against the interest of each partner in the same proportion. . . ." He argues that the loss of value of the lease was a partnership loss and should have been borne equally by plaintiff under the provisions of paragraph 5.

When defendant assigned the lease to the partnership pursuant to the agreement the lease had value. The partnership received at least two rights: (1) The right to drill for oil for almost three months, and (2) The right to continued possession if it commenced operations within three months. The fact that defendant paid $500 to secure the lease indicates that it had value at that time. Subsequent absence of value cannot alter the fact that it had substantial value when it was transferred to the partnership. (*Boston Iron & Metal Co.* v. *S.S. Winding Gulf*, 85 F.Supp. 806, 812; McCormick, Damages, p. 162.) Since the loss of value occurred while the lease was a partnership asset such loss should be borne equally by the partners in accordance with the law and the agreement of the parties.

The trial court made no finding as to the value of the lease at the time defendant assigned it to the partnership. Such a finding should have been made. The amount so found should have been added to the $3,000 which defendant contributed to the partnership in order to arrive at a total contribution figure. One-half the loss in value of the lease should

be subtracted from the plaintiff's share and the other half from defendant's share.

Other questions do not require discussion.

The judgment is reversed.

Gibson, C. J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.