[Civ. No. 18049.    First Dist., Div. Two.    Feb. 26, 1959.]

KENT B. HOLLAND et al., Respondents, v. MORGAN AND PEACOCK PROPERTIES COMPANY (a Copartnership) et al., Appellants.

208

William H. Neblett, R. Arthur Bellman, Leighton M. Bledsoe and Bledsoe, Smith, Cathcart, Johnson & Phelps for Appellants.

Bernard Allard, Fernhoff & Wolfe, Leon G. Seyranian and Richard G. Logan for Respondents.

DRAPER, J.—Plaintiffs brought this action upon an oral agreement for the sharing between brokers of commissions upon the sale of real estate. Judgment was entered on jury verdict in favor of plaintiffs for $53,791.66. Defendants appeal.

Appellants urge insufficiency of the evidence to support verdict and judgment. ■ In passing upon this contention an appellate court determines only whether there is substantial evidence to support the judgment, resolving all conflicts and indulging all reasonable inferences in favor of the conclusion of the jury. (*Tidlund* v. *Seven Up Bottling Co.*, 154 Cal.App.2d 663, 665 [316 P.2d 656].) ■ So viewed, the record discloses evidence that: Appellants represented to respondents that appellants were real estate brokers and had written contracts with the owners to sell extensive properties. They agreed to pay respondents half the commissions if respondents ''were to come up with'' a buyer. Respondents submitted the properties to one Stevens by letter dated December 1, 1954, and thereafter communicated with him further by letter and telephone. Early in February, 1955, at the insistence of appellant Agostini, respondents disclosed to him the name of Stevens. In March, Agostini told respondents that an offer on these properties had been made ''out of the clear blue sky,'' but that certain conditions would have to be met. Respondents kept Agostini advised of their continued interest until October, when they read newspaper stories that the properties had been sold to Stevens. In fact, the properties were sold to a corporation formed by Stevens, who provided the major part of the financing. Although agreement of purchase dated February 28 is in the name of one Clodfelter, it is signed by him as ''agent.'' There is also evidence that appellants, on February 28, agreed to sell their real estate business to Clodfelter (who again signed as ''agent'') for a specified price which was substantially increased by agreement of September 15, although there is no showing of increased value of the business. It is respondents' theory that this increased price was a hidden commission to appellants.

There is evidence that Clodfelter had telegraphed an offer and placed a deposit in escrow January 19. However, the deposit was not paid to appellants until execution of the agreement of February 28, at which time Clodfelter did not again sign individually, but designated himself as ''agent.'' The jury was not required to believe that Clodfelter was acting for Stevens before respondents' disclosure of Stevens name to appellants. In view of the extensions of time for payment granted to Clodfelter, and the fact that the ultimate sale was to Stevens, who supplied the major financing, the jury could infer that appellants, after the initial Clodfelter offer, brought Stevens into the transaction as the real buyer.

The evidence briefly summarized above is sufficient to support the verdict. ■ There is much conflicting evidence, but "[w]here witnesses differ, under our system, the jury's decision is final. It appears futile to repeat this statement which, though it runs through the decisions like a monotonous refrain, seems never to reach the consciousness of attorneys for appellants." (*Lovelady* v. *Sacramento City Lines,* 102 Cal.App.2d 28, 29 [226 P.2d 722].) Our conclusion that the evidence is sufficient disposes of appellants' claims of error in denial of their motions for nonsuit, directed verdict, judgment notwithstanding the verdict, and for new trial.

Appellants also contend that the contract is within the statute of frauds (Civ. Code, § 1624, subd. 5) and, since admittedly oral, is therefore invalid. ■ But the rule is clear that the statute does not apply to a contract between brokers for the sharing of commissions. (*Gorham* v. *Heiman,* 90 Cal. 346 [27 P. 289]; and cases cited in 9 Cal.Jur.2d, Brokers, § 38, p. 182.) ■ Furthermore, the jury impliedly found that appellants here had in fact received material profit from the sale of their principals' property through the efforts of respondents. In such case, the statute permits recovery. (*Jenkins* v. *Locke-Paddon Co.,* 30 Cal.App. 52, 57 [157 P. 537].)

But appellants point to the fact that only appellant Morgan is a licensed real estate broker. Appellant Agostini is licensed as a salesman, and their partnership has no separate license. To the extent that enforceability of their contract with respondents depends upon their acting as brokers it is, they contend, illegal, and therefore void. But there is testimony that the individual appellants represented to respondents, at the outset, that they and their partnership were licensed brokers, who had written contracts from the owners of the properties they sought to sell. Under the instructions, the jury impliedly found that these representations were in fact made. There is evidence that respondents did not know the true licensing situation until after their services were rendered.

■ Thus respondents come within a recognized exception to the rule barring recovery upon contracts tainted with illegality. Where the illegality is due to facts of which one party is justifiably ignorant and the other party is not, the illegality does not bar recovery by the innocent party of compensation for performance rendered while he remains justifiably ignorant of the facts establishing illegality.

■ While there is no estoppel to prove illegality, misrepresentation to the innocent party may be important as showing justification for his ignorance of the facts establishing illegality. (Rest., Contracts, § 599; 6 Corbin on Contracts, § 1538; 5 Williston on Contracts (rev. ed.), § 1631; see also *Marshall* v. *La Boi,* 125 Cal.App.2d 253 [270 P.2d 99]; *Lewis* v. *Wainscott,* 124 Cal.App.2d 345 [268 P.2d 835].)

■ Also relevant is the rule that where the illegality consists in the failure to secure a license and the transaction has been wholly consummated as concerns the parties designed to be protected by the licensing statute, the culpable party cannot rely upon the licensing requirement to retain the proceeds of the transaction and avoid payment to the innocent party. (*Norwood* v. *Judd,* 93 Cal.App.2d 276 [209 P.2d 24]; *Denning* v. *Taber,* 70 Cal.App.2d 253 [160 P.2d 900].) We are satisfied that to permit recovery under the circumstances of this case is consistent with the purpose of the statute, and that to deny recovery would unreasonably enrich appellants by leaving them in possession of gains which the jury has found to stem from misrepresentations by them.

■ Appellants also argue that they were part owners of the land sold, and that thus their agreement with respondents was one between owners and brokers. But the issue of appellants' ownership was for the jury. There is evidence that they represented themselves to be brokers acting for the owners under a written contract. The jury was not required to believe their testimony that they in fact were part owners. It is also contended that respondents in fact were partners doing business under a partnership name but without separate license to the partnership. The evidence does not support this view.

■ Throughout appellants' treatment of the facts runs the contention that respondents are "bound by" testimony which they produced. Thus, it is argued, if any evidence produced by respondents negatives their claim, judgment must go against them. This is a common misconception. In the earliest days of trial, it had some merit (3 Wigmore on Evidence (3d ed.), § 896), but it is no longer sound (3 Wigmore, *supra,* § 897). It is clear that such evidence does not bind the jury, which is charged to determine the truth on all the evidence. The principal effect of the rule in modern law is to prohibit impeachment of one's own witness in certain ways. (Code Civ. Proc., § 2049; *Lantz* v. *Stribling,* 130 Cal.App.2d 476, 482 [279 P.2d 112]; *Worthington* v. *Peoples' State Bank,*

106 Cal.App. 238, 241 [288 P. 1086].) Further, appellants' reliance for testimony "binding on" respondents is upon affidavits of appellants introduced by respondents for impeachment purposes only. Even if the rule for which appellants contend were sound, it would lead to absurdity to apply it to such documents.

Appellants assert error in the admission of evidence and the giving of instructions upon conspiracy. They apparently contend that no unlawful act is alleged to have been done in furtherance of the conspiracy. But inducement of breach of contract is, under the circumstances alleged in the complaint, an actionable wrong. (*Speegle* v. *Board of Fire Underwriters*, 29 Cal.2d 34 [172 P.2d 867]; *Imperial Ice Co.* v. *Rossier*, 18 Cal.2d 33 [112 P.2d 631].) The pleading of conspiracy is adequate. (*California Auto Court Assn.* v. *Cohn*, 98 Cal.App.2d 145 [219 P.2d 511].)

The other instructions complained of were consonant with the rules of law discussed above, and appellants' present objections to them are without merit.

Judgment affirmed.

Kaufman, P. J., and Dooling, J., concurred.

A petition for a rehearing was denied March 27, 1959, and appellants' petition for a hearing by the Supreme Court was denied April 22, 1959.