[Civ. No. 18076.   First Dist., Div. Two.   May 13, 1959.]

WILLIAM HUDSON, Plaintiff and Appellant, v. MORGAN
    AND PEACOCK PROPERTIES COMPANY (a Part-
    nership) et al., Defendants and Appellants.

Anderson & Peck and Cyril Viadro for Plaintiff and Appellant.

William H. Neblett, R. Arthur Bellman and Bledsoe, Smith, Cathcart, Johnson & Phelps, for Defendants and Appellants.

DRAPER, J.—This is an action upon a claimed oral agreement for the sharing between brokers of a commission on sale of real estate. Judgment was entered upon jury verdict in favor of plaintiff. Defendants moved for judgment notwithstanding the verdict or, in the alternative, for new trial (Code Civ. Proc., § 629) and later moved to vacate the judgment. The motion for new trial was granted and those for judgment notwithstanding verdict and to vacate the judgment were denied. Defendants appeal from denial of the latter two motions and, by cross-appeal, plaintiff asked reversal of the order granting new trial. Defendants then appealed from the judgment.

The trial court believed that it had erred in an instruction upon estoppel, and this is the principal ground upon which the new trial was granted. Since the contract claimed by plaintiff is oral, recovery under it is dependent upon a showing that plaintiff and defendants are real estate brokers. Defendant Agostini was licensed as a salesman and not as a broker. Plaintiff, however, asserted that defendants had represented Agostini to be a broker and thus are estopped to rely upon his lack of such license. The court instructed the jury that "as a matter of law said defendants are estopped to deny" that

Agostini was a real estate broker. In granting new trial, the court decided that the fact issues involved in this instruction should have been left to the jury.

■ This conclusion is sound. The evidence was in conflict. Plaintiff conceded that Agostini had not expressly represented himself to be a "licensed real estate broker" but asserted that his representation that he was a "broker" and his conduct amounted to such a representation. Defendants offered testimony that Agostini was an insurance broker and had not represented himself as a broker of any other sort. They pointed to evidence that Agostini's license as a real estate salesman hung on his office wall next to plaintiff's own broker's license. In this state of the record, it is clear that the court could not take from the jury the question whether a misrepresentation was made by Agostini and relied on by plaintiff. ■ The fact issues involved in a claimed estoppel are for the trier of the facts. (*California Packing Corp.* v. *Lopez,* 207 Cal. 600, 603 [279 P. 664, 64 A.L.R. 1412] ; *Sawyer* v. *City of San Diego,* 138 Cal.App.2d 652, 662 [292 P.2d 233] ; *Cruise* v. *City & County of San Francisco,* 101 Cal.App.2d 558, 562 [225 P.2d 988] ; *Lowe* v. *Copeland,* 125 Cal.App. 315, 322 [13 P.2d 522].) ■ Most of the decisions relied upon by plaintiff hold only that a jury is not a matter of right in equity proceedings. Language of another case cited by him (*Ford* v. *Palisades Corp.,* 101 Cal.App.2d 491, 499 [225 P.2d 545]) similarly states only that there is no right to jury trial where "the gist of the action" is in equity. Further, in that case it was held that the claimed right to a jury had been waived. In the case at bar, the existence of an estoppel turned upon resolution of conflicts in the evidence. The trial court properly granted a new trial to permit these fact questions to be left to the jury under proper instructions as to the law.

Plaintiff argues that defendants waived their objection to this instruction by acquiescing in the ruling of the trial court. The record does not support this view. ■ He also contends that the instruction in effect denied defendants the right to a jury trial on the issue of estoppel. Thus, it is argued, the point could be saved for appeal only by the noting of an exception, which would not be required for a merely erroneous instruction. We cannot accept this argument. A commonly asserted error in instructions is that in some degree they take a fact issue from the jury. Defendants' view would require counsel to note an exception in each such case. This

return to formalism would run directly counter to the whole trend of California practice and procedure. We do not adopt it.

Defendants argue that their motion for judgment notwithstanding the verdict should have been granted because plaintiff's recovery is barred by the statute of frauds and by claimed illegality of the contract. The same contentions were made in *Holland* v. *Morgan & Peacock Properties,* 168 Cal. App.2d 206 [335 P.2d 769] (hearing denied by Supreme Court). Although that action was brought by other brokers as plaintiffs, it was against the same defendants and relates to the same sale of property as the case at bar. Of course, the claimed oral agreement and the evidence relating to it differ substantially from such agreement and evidence in Holland. But careful review of the record here shows that the evidence concerning the oral agreement would reasonably permit the same inferences favorable to plaintiff as were drawn by the jury in Holland. If the jury found facts sufficient to support an estoppel of defendants to deny their capacity as brokers, the oral agreement was neither barred by the statute of frauds nor subject to the claimed bar of illegality (*Holland* v. *Morgan & Peacock Properties, supra*). Thus judgment notwithstanding the verdict would have been improper here. Defendant's motion to vacate raises the same issues, and thus was properly denied.

Defendants also contend that they are entitled to judgment as a matter of law because the two-year statute of limitations had run against plaintiff's action. They first argue that the action was commenced May 22, 1957, when the amended complaint was filed, rather than September 24, 1956, when the original complaint was filed. But the same general set of facts is alleged in both pleadings. Thus the amended complaint will be deemed filed as of the date of the original. (*Wennerholm* v. *Stanford Univ. Sch. of Medicine,* 20 Cal.2d 713, 718 [128 P.2d 522, 141 A.L.R. 1358].) Defendants also contend that the cause of action arose February 28, 1955, when the owners first executed an agreement to sell the property. But a new agreement of sale was executed September 15, 1955, and escrow was not closed until October 17, 1955. The testimony as to the oral agreement would permit the view that it was only when defendants received a commission that plaintiff's right arose. Thus there is no merit in defendants' reliance upon the statute of limitations.

Defendants also contend that plaintiff was not a duly

licensed real estate broker because he had moved to Nevada and had failed, in his subsequent license applications, to file the consent to service upon the Secretary of State which is required of nonresidents. (Bus. & Prof. Code, § 10151.5.) This contention was not made in the trial court. Defendants' answer failed to deny plaintiff's allegation that he was duly licensed. The present point was first raised in the brief on appeal and by motion to dismiss plaintiff's appeal. There is some evidence in the record that plaintiff had a Nevada address after 1953. However, that evidence is by no means sufficient to establish, as a matter of law, that he was a resident of Nevada. Since there will be retrial, defendants may apply to the trial court for leave to amend their answer. If that court, in its discretion, grants such leave, it will also have the opportunity to explore the fact issues raised by plaintiff's claim that he revealed to the Real Estate Commissioner the circumstances of his residence. Lacking adequate showing of the relevant facts, we do not decide the issue of law raised.

All orders appealed from are affirmed. In view of this affirmance of the order granting new trial, the appeal from the judgment becomes moot and is dismissed. Defendants' motion to dismiss plaintiff's appeal is denied. Costs are awarded to plaintiff.

Kaufman, P. J., and Dooling, J., concurred.

A petition for a rehearing was denied June 12, 1959, and the petition of plaintiff and appellant for a hearing by the Supreme Court was denied July 8, 1959.