63 Cal.2d 255 (1965)
CITY OF LOS ANGELES, Petitioner,
v.
INDUSTRIAL ACCIDENT COMMISSION and CURTIS D. DILLIN, Respondents.
L. A. No. 28254. 
Supreme Court of California. In Bank. 
Aug. 27, 1965.
 Roger Arnebergh, City Attorney, Bourke Jones and Edwin F. Shinn, Assistant City Attorneys, J. David Hanson and Christina J. New, Deputy City Attorneys, for Petitioner.
 Everett A. Corten, Edward A. Sarkisian, Levy, DeRoy, Geffner, Koszdin & Glow, Abe F. Levy, Henry P. Nelson and Joseph Shane for Respondents.
 TOBRINER, J.
 In City of Los Angeles v. Industrial Acc. Com. (Fraide) ante, p. 242 [46 Cal.Rptr. 97, 404 P.2d 801], we held that the city was entitled to a partial credit against workmen's compensation liability to its firemen and policemen for disability pensions it paid such firemen and policemen. In the instant case we hold that, under the circumstances set forth below, an estoppel does not bar the city from asserting the statute of limitations against applicants for workmen's compensation benefits.
 Curtis Dillin suffered an injury in 1935 while on duty as a city fireman. The city paid Dillin his full salary for the year following the injury; since then it has paid him a disability pension. The city last afforded Dillin medical treatment in 1941. Dillin filed his application for workmen's compensation benefits with the commission on December 13, 1962. Thus, the statute of limitations (Lab. Code, 5405) bars Dillin's claim unless the city is estopped to assert the statute. [fn. 1] The commission held that an estoppel did bar the city's reliance upon the statute, granted Dillin benefits of $25 per week, and refused to allow the city any credit for the disability pensions paid.
 Frances Catlow is the widow of a deceased fireman. Her husband, James Catlow, while on duty on November 6, 1955, sustained injuries; as a result of such injuries he died six days later. Since the date of death the city has paid Mrs. Catlow a widow's pension. In April 1963 Mrs. Catlow filed *257 an application with the commission for death benefits. Labor Code section 5406 bars her claim unless the city is estopped to assert the statute of limitations. [fn. 2] The commission held the city was thus estopped and again denied credit for pensions paid.
 We must, therefore, determine whether an estoppel bars the city's reliance upon the statute of limitations. In the context of this case that question presents an issue of law. [fn. 3]
 In the instant case officials, who, we assume, were authorized agents of the city, told Mrs. Catlow and Dillin that, in substance, because they received pensions, their filing of claims for workmen's compensation benefits would be useless. [fn. 4] In light of our decision today in City of Los Angeles v. Industrial Acc. Com. (Fraide) ante, p. 242 [46 Cal.Rptr. 97, 404 P.2d 801], we can say, in retrospect, that the officials rendered erroneous advice. As we explain below, however, the mere fact that the city gave such advice does not in itself estop it from asserting the statute of limitations.
 We consider here the narrow question of the circumstances under which a public agency's advice to its employees concerning their substantive rights against the agency may serve as the basis for estopping the agency from asserting the statute of limitations. The role of estoppel in this field is unique because officials of such agencies ordinarily must constantly deal with a large number of employees, a loose application of the doctrine of estoppel could engender exceedingly difficult administrative problems.
 [1] Our basic approach in this case, as promulgated by the court in Adler v. City of Pasadena (1962) 57 Cal.2d 609, 615 [21 Cal.Rptr. 579, 371 P.2d 315], must turn upon whether the public agency "acted in an unconscionable or unreasonable manner or ... either unintentionally or otherwise *258 ... set out to, or did, take unfair advantage of plaintiffs." [fn. 5]
 Pursuant to this general test, we consider the reasonableness of the conduct or advice of the agency. As we explain below "reasonableness" must be viewed in the light of the right the employee-plaintiff seeks to assert; the greater the right of the claimant, the heavier the obligation upon the agency not to mislead him. In matters that gravely affect the welfare of the employee, the employer bears a more stringent duty to desist from conduct or advice that may induce the employee not to explore or pursue his remedies.
 In Adler retired city employees and widows of deceased such employees sought to recover the difference between the retirement pensions that they had received under amended charter provisions and pensions payable under prior charter provisions in effect at the date of the commencement of their employment. Under the case law the charter amendment could not abrogate plaintiffs' rights. (Abbott v. City of Los Angeles (1958) 50 Cal.2d 438 [326 P.2d 484].) We held, however, that the six-month claims provision in the city charter barred recovery of amounts which accrued over six months prior to filing a claim. Despite the fact that officials of the city told plaintiffs that they were receiving the maximum pensions to which they were entitled, we held that the city was not estopped to assert the claims provision. Stating that the defendants had not acted in an "unconscionable and unreasonable manner" or had otherwise taken "unfair advantage of plaintiffs" we concluded that, rather, "all of the parties reasonably believed that [the change in the city charter relating to pensions] was binding upon these plaintiffs." (P. 615.) In Adler the application of the claims provision barred only payment of increased amounts for past *259 pensions; it did not affect the right of the employees to future pensions or to amounts which accrued within six months of filing the claim.
 Henry v. City of Los Angeles (1962) 201 Cal.App.2d 299 [20 Cal.Rptr. 440], like Adler, involved a similar attempt of retired fire and police pensioners or widows of pensioners to obtain payments of increased amounts for past pensions. Again plaintiffs urged an unlimited retroactive application of the Abbott ruling but the court held that the six-month claims provision barred recovery of amounts which accrued over six months prior to filing the claim and that the city was not estopped to raise the bar.
 The court found that the nature of the advice was not unreasonable. "Neither the city nor the board of pension commissioners can be criticized or accused of any misconduct in following the charter provisions and what was believed to be the law." (Henry v. City of Los Angeles, supra, 201 Cal.App.2d 299, 305-306.) Again, like Adler, the nature of the right affected by the conduct of the city involved only increased amounts for past pensions; it did not affect the right to pensions in the future.
 The cases of Tyra v. Board of Police etc. Comrs. (1948) 32 Cal.2d 666 [197 P.2d 710], and Phillis v. City of Santa Barbara (1964) 229 Cal.App.2d 45 [40 Cal.Rptr. 27], cited by plaintiffs, involved situations in which the application of the statute of limitations would have barred the applicants from receiving any pension payments whatsoever whether past or future. Thus Tyra, a disabled city fireman, filed an action in 1942 to compel the City of Long Beach to pay him a disability pension. He had incurred his injuries in the course of duty in 1937. Since the city officials had advised him that so long as he received workmen's compensation payments he could not collect any pension, Tyra filed no claim. Yet, as the District Court of Appeal explained, the decision of Larson v. Board of Police etc. Comrs. (1945) 71 Cal.App.2d 60 [162 P.2d 33], had held to the contrary; Larson stated that although the charter provided that an employee who filed for a pension might waive his right to workmen's compensation, the converse did not hold. Hence the charter did not foreclose Tyra from seeking a pension even though he had received workmen's compensation. [fn. 6] *260
 In Tyra the trial court held that the three-year statute of limitations barred the action to recover the pension. (Code Civ. Proc., 338, subd. 1.) We reversed, holding that "The delay charged to the plaintiff was induced by the erroneous position and advice of the defendants and their attorneys. They may not therefore now properly interpose the defense as a bar to plaintiff's delayed course of action." (Pp. 670-671.)
 Tyra differs from the instant case, as well as from Adler and Henry. In Tyra the city's erroneous advice rested upon a misreading of the charter itself and the assumption of a provision in the charter which did not actually exist. Unlike the instant and above-mentioned cases, the city did not give an interpretation of the charter which was correct at the time of rendition but which was later held to be in conflict with the paramount law, but offered advice that was wholly wrong. Thus Adler distinguishes Tyra as follows: "... in [Tyra] ... defendants and their attorneys told plaintiff, who had suffered physical disability in the course of discharging his duties, that the workmen's compensation benefits he was receiving were 'in lieu of and in place of the [pension] benefits provided in section 187 of the [city] Charter,' whereas actually there was no such provision in the charter." (Adler v. City of Pasadena, supra, 57 Cal.2d 609, 615.) As the court stated in Henry: "[T]here is a great difference between proceeding contrary to and in violation of a statute or charter, and in proceeding under and in conformity to a charter provision which some 30 years later is determined by a court to be unconstitutional as to particular classes of employees." (P. 311.)
 Phillis, like Tyra, involved a ruling in which the impact of the statute of limitations would foreclose the plaintiffs from all pensions both past and future. Moreover, the reasonableness of the representations in Phillis falls into the class of those of Tyra, rather than that of Adler. Thus in Phillis the Santa Barbara officials told plaintiffs at the time of their retirement "that 'they [the officials] were fully informed on the subject and were possessed of a superior knowledge of the *261 law' " (p. 60) and that plaintiffs were not eligible for a pension unless they worked until they reached the age of 55. These representations, according to the court, "conveyed an interpretation of the effect of the [charter] amendment and of its vague section 8, regardless of any uncertainty they may have entertained because of lack of exact decisional precedents." (P. 60.)
 Lerner v. Los Angeles City Board of Education (1963) 59 Cal.2d 382 [29 Cal.Rptr. 657, 380 P.2d 97], cited by plaintiff, involved the fundamental right of the pursuit of one's profession: the right of Lerner to be reinstated as a high school teacher. Thus the nature of the right affected by the erroneous conduct of the Board of Education differed basically from the attempted procurement in Adler and Henry of increased amounts for pensions paid in the past. We said in Lerner: "The state board's advice to Lerner that it lacked jurisdiction or authority to restore his credential, and that no school district could legally employ him, largely induced Lerner's inaction and would estop the state board from later reliance upon the statute. ..." (Pp. 396-397.) We sustained the estoppel because the board's erroneous conduct, in relation to the vital right to employment, could not be considered reasonable in such circumstances.
 [2] We conclude that the cases sustain the proposition that an estoppel does not bar the city from relying upon the statute of limitations if the nature of the conduct or advice of the city is reasonable when given. Viewed on their facts, the cases discussed above indicate that the more significant the right the plaintiff asserts, the more stringently the courts will examine the defendant's advice. [3] Applying this test to the specific facts of the instant case, we cannot sustain the bar of estoppel against the city.
 The commission held the city estopped on the basis of the city's advice to Mrs. Catlow and Dillin that because they received pensions their applications for workmen's compensation would be useless. We examine this conclusion in the historical perspective of the entire litigation.
 Because the city last rendered Dillin medical treatment in 1941, the statute of limitations barred his claim after the lapse of one year, that is, after 1942. At that time, as now, charter section 182 1/2 provided that payments of disability pensions shall "be construed to be and shall be payments of [workmen's compensation]. ..." We had not yet decided Healy v. Industrial Acc. Com. (1953) 41 Cal.2d 118 [258 *262 P.2d 1], which held that if section 182 1/2 conflicted with the Labor Code the latter must control.
 Prior to Healy the view apparently had generally prevailed that charter section 182 1/2 effectively precluded an injured employee from recovering workmen's compensation if he received a pension. Indeed, Healy itself indicates that the commission would not then consider granting workmen's compensation without allowing the city a credit: in Healy the commission had granted the city a credit; it was on Healy's appeal from that decision that we granted relief. Even on remand, in January 1954, the commission concluded that, in fact, no conflict arose between the charter and the Labor Code. We denied a petition to review the commission's findings. (19 Cal.Comp.Cases 83.)
 Under these circumstances we cannot characterize as unreasonable the city's advice to Dillin, prior to 1942, that the filing of a claim for workmen's compensation would be useless. Moreover, in 1955, at the time James Catlow died, the city could with even more assurance advise Mrs. Catlow of the futility of filing a claim for workmen's compensation: the commission had recently rendered its decision on remand in Healy, and this court had denied a petition to review that decision.
 When the city rendered its advice, and ever since, the employees have received substantial pension payments. Thus, the city's conduct affected only the right to additional partial workmen's compensation benefits. The city's conduct did not involve either the loss of the right to work or the total loss of deferred compensation. We cannot conclude that the advice was so unreasonable in this context that the city is barred from asserting the statute of limitations.
 The awards are annulled.
 Traynor, C. J., McComb, J., Peters, J., Peek, J., Mosk, J., and Burke, J., concurred.
NOTES
[fn. 1] 1. Labor Code section 5405 provides that proceedings for the collection of medical and hospital treatment or disability payments must be commenced within one year from: "(a) The date of injury; or (b) The expiration of any period covered by payment under [provisions dealing with disability benefits] ...; or (c) The date of last furnishing of any benefits provided for in [provisions dealing with medical and hospital treatment] ...."
[fn. 2] 2. Labor Code section 5406 provides that, if death occurs within one year of injury, proceedings for the collection of death benefits must be commenced within one year from the date of death.
[fn. 3] 3. In some instances the crucial question on the issue of estoppel may be a question of fact. The question in issue, for example, might be whether any representation was made (Hudson v. Morgan & Peacock Properties Co. (1959) 170 Cal.App.2d 328 [339 P.2d 180] or whether the plaintiff was lulled into inaction by the representation. (Cruise v. City & County of San Francisco (1951) 101 Cal.App.2d 558 [225 P.2d 988].) In the instant case, however, the facts are virtually undisputed and we need only determine if the city's representations are legally sufficient to support an estoppel.
[fn. 4] 4. We assume for present purposes that the city's advice did, in fact, induce the applicants to fail to file for workmen's compensation.
[fn. 5] 5. Many of the cases in which this court has considered the application of an estoppel did not involve erroneous representations of substantive law. E.g., Ginns v. Savage (1964) 61 Cal.2d 520 [39 Cal.Rptr. 377, 393 P.2d 689] state estopped; false representation as to length of time to file claim; California Cigarette Concessions, Inc. v. City of Los Angeles (1960) 53 Cal.2d 865 [3 Cal.Rptr. 675, 350 P.2d 715] no estoppel; city's conduct did not induce failure to timely file; Lorenson v. City of Los Angeles (1953) 41 Cal.2d 334 [260 P.2d 49] estoppel; city's conduct in continuing administrative hearing induced failure to timely file; Benner v. Industrial Acc. Com. (1945) 26 Cal.2d 346 [159 P.2d 24] estoppel; employer's request for more time to complete accident investigation; Farrell v. County of Placer (1944) 23 Cal.2d 624 [145 P.2d 570, 153 A.L.R. 323] estoppel; plaintiff advised not to hire an attorney since defendant would settle suit; cf. Benson v. Bunting (1900) 127 Cal. 532 [59 P. 991, 78 Am.St.Rep. 81] estoppel; fraud and mistake with respect to the time to redeem from real property foreclosure.
[fn. 6] 6. The city's error in interpretation was not merely technical. Under the workmen's compensation law the injured employee was entitled to benefits of $25 per week for 240 weeks and $15.38 for the remainder of his life. Under the pension plan the employee was entitled to one-half of his salary for the duration of the disability. The pension plan provided for a credit against pension for workmen's compensation. Thus, waiver of pension by acceptance of workmen's compensation might have a much more adverse effect on the employee than waiver of workmen's compensation by acceptance of pension. Certainly the two situations were not the same.