[No. 14195. Department One. — December 30, 1891.]

## C. E. FARNUM, APPELLANT, v. PHILIP HEFNER, RESPONDENT.

LANDLORD AND TENANT — COVENANT NOT TO ASSIGN LEASE — FORFEITURE — EXECUTION SALE. — A covenant by a lessee not to assign the lease without the consent of the lessor does not apply to an involuntary assignment by sale under execution, and such sale is not a violation of the covenant, and does not work a forfeiture.

ID. — ASSIGNMENT NOT DELIVERED. — There is no breach of the condition against assigning a lease without the consent of the lessor, when a voluntary assignment presented to the lessor for his consent is not consented to, but is retained by the lessor, and is never delivered to the assignee named therein, or to any one for him.

APPEAL from a judgment of the Superior Court of Butte County, and from an order denying a new trial.

The facts are stated in the opinion, and in the decisions rendered upon the former appeal, reported in 79 Cal. 575.

*Carter P. Pomeroy*, for Appellant.

*H. V. Reardan*, for Respondent.

FOOTE, C. — This cause has been here before (79 Cal. 575), where the facts pertaining to it are fully stated.

It was contended on that appeal that Hefner, the defendant, was entitled to certain wheat, which had been grown upon Farnum's land by a tenant named Butler, by virtue of an execution sale of the interest of Butler to Hefner in the leasehold. And in support of this view the judgment roll in the action of Hefner against Butler was offered in evidence by Hefner, and refused by the court. The court here held that this should have been admitted because the transfer of the leasehold interest of Butler by the execution sale was an involuntary assignment of the lease which was not specified in the lease as a forfeiture thereof, the opinion on the point reading thus: —

" The covenant in the lease is the ordinary kind which applies, it seems to us, to a voluntary, and not an involuntary, assignment of the lease. It is firmly established by authority that under such a covenant an involuntary assignment by sale under execution — bankruptcy and the like — is not a violation of the covenant, and does not work a forfeiture." (79 Cal. 580; 12 Am. St. Rep. 174, and authorities cited.)

The effect of the decision then was to reverse the judgment which Farnum had obtained against Hefner for damages for conversion of the wheat raised on the leased premises by Butler, and claimed by Farnum, as also the order denying Hefner a new trial.

It is now contended by Farnum, the appellant, that the lease was forfeited by a written assignment to one Gibbs, by Butler, before the judgment of Hefner against Butler was obtained. And this seems to be the only

point made as against the decision of the court below on the last trial.

The court found, among other things, "that at the date of the levy of the said execution, the interest or estate vested in said D. L. Butler by virtue of the execution and delivery of said lease was still vested and remained in him."

The facts pertaining to that matter as they appear in the record are, that the assignment of the lease, although written out and acknowledged, was never delivered to the proposed assignee, Gibbs, who had been the foreman of Butler in raising the wheat, and was upon the premises for Butler; the reason for the non-delivery thereof being that the permission of Farnum, which was sought to be indorsed on the assignment, was refused when the document was sent to him for that purpose, and he thereafter retained possession of it, and it never reached the hands of Gibbs, or any one for him. There was therefore no breach of the condition against assigning the lease growing out of that transaction.

We therefore conclude that there is no prejudicial error appearing in the record, and advise that the judgment and order be affirmed.

BELCHER, C., and FITZGERALD, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.