[Civ. No. 35161. Second Dist., Div. Three. Oct. 28, 1970.]

HERBERT W. FRAHM et al., Plaintiffs and Respondents, v. PAUL BRIGGS et al., Defendants and Appellants.

COUNSEL

Stell & Levine and Joseph Stell for Defendants and Appellants.

James L. Grubbs and George W. Collins for Plaintiffs and Respondents.

OPINION

**FORD, P. J.**—The defendants Briggs have appealed from a judgment in favor of the plaintiffs Frahm wherein it was adjudged that the plaintiffs have an easement consisting of a right of way over a concrete road, which is mainly on the defendants' premises, for use for vehicular and pedestrian traffic and for ingress to and egress from the plaintiffs' premises. It was

further decreed that the defendants and their successors in interest were permanently enjoined from erecting any fence, wall or other barrier so as to close or prevent the use of the road by the plaintiffs or their successors in interest. The judgment contained other provisions to which reference is unnecessary at this time.

The defendants Briggs had demanded a jury trial. But on the court's own motion prior to the taking of evidence the jury was ordered discharged on the ground that a trial by jury was not proper because the cause was solely one in equity. At the time counsel for the defendants Briggs noted in substance an exception to that ruling as being a violation of his clients' constitutional right. The first contention presented on this appeal is that the defendants Briggs were thereby deprived of their constitutional right to trial by jury and therefore the judgment must be reversed.

In setting forth the issues as presented by the pleadings, no reference will be made to allegations relating to the theory of an agreed boundary or the theory of a right of way by necessity since the plaintiffs abandoned those theories at the trial. Moreover, the plaintiffs did not press any claim for damages.

In the first cause of action contained in the complaint, portions of the allegations of the plaintiffs Frahm were as follows: "That said roadway is a private paved road or street which is located along the boundary line of the properties of plaintiffs and defendants. The plaintiffs and their predecessors have occupied and used said roadway as a means of ingress and egress to and from the beach portion of their property for more than eight (8) years prior to the construction and use of a certain fence and gate hereinafter mentioned. The said possession by plaintiffs and by their predecessors has at times [sic] been actual, open, notorious, hostile, exclusive, continuous, adverse and under claim of right. The plaintiffs and their predecessors are the owners of an easement in said roadway acquired by their adverse possession thereof. . . . That on or about and during the month of April of 1965 defendants fenced off and locked all gates, thereby cutting off plaintiffs access by means of said roadway to their beach property and to one of the buildings located thereon."

In their fourth cause of action the plaintiffs alleged: "That up to April of 1965 defendants and their predecessors acquiesced in the use of said roadway by plaintiffs and, in fact, represented to plaintiffs that they recognized their claim of right to the use of said roadway for ingress and egress. In reliance upon said acquiescence and representations, plaintiffs purchased the aforementioned property and improved, modernized, and leased the improvements found thereon."

In their answer the defendants Briggs denied "that plaintiffs or their predecessors have ever occupied or possessed said road as therein alleged, or at all, for the period therein alleged, or at all, and deny that any act of plaintiffs or their predecessors alleged to be possessive or otherwise has ever been actual or open or notorious or hostile or exclusive or continuous or adverse or under claim of right. Deny that plaintiffs or their predecessors were or are the owners of an easement in said concrete road either as therein alleged or at all."

With respect to the fourth cause of action a portion of the answer of the defendants Briggs was that they denied "that at the time therein alleged or at all defendants or their predecessors acquiesced in the alleged use of said concrete road by plaintiffs except for the occassional [sic] permissive use hereinabove alleged, and deny that they or any of them represented to plaintiffs or any of them that they recognized said alleged claim of right to the use of the concrete road for the purposes therein alleged, or at all." They further denied "that plaintiffs relied upon any alleged acquiescence or alleged representations of these defendants in any act they may have done."

The transcript of the trial discloses that there was a substantial conflict in the evidence with respect to the issues which have been noted.

In *People* v. *One 1941 Chevrolet Coupe,* 37 Cal.2d 283 [231 P.2d 832], it was stated at pages 286-287: " ' "The right of trial by jury shall be secured to all, and remain inviolate." (Cal. Const., art. I, § 7; Cal. Const. of 1849, art. I, § 3.) The right to trial by jury guaranteed by the Constitution is the right as it existed at common law at the time the Constitution was adopted. [Citation.] . . . The common law respecting trial by jury as it existed in 1850 is the rule of decision in this state. [Citation.] . . . It is the right to trial by jury as it existed at common law which is preserved; and what that right is, is a purely historical question, a fact which is to be ascertained like any other social, political or legal fact. The right is the historical right enjoyed at the time it was guaranteed by the Constitution. It is necessary, therefore, to ascertain what was the rule of the English common law upon this subject in 1850.' " At page 299 it was further stated: " 'In determining whether the action was one triable by a jury at common law, the court is not bound by the form of the action but rather by the nature of the rights involved and the facts of the particular case—the gist of the action. A jury trial must be granted where the gist of the action is legal, where the action is in reality cognizable at law.' " And at page 300 it was noted that the denial of a trial by jury to one constitutionally entitled thereto constitutes a miscarriage of justice requiring a reversal of the judgment.

■ An easement is an incorporeal right which entitles its owner to use or enjoy another's land. (17 Cal.Jur.2d, Rev., Easements, § 2, p. 121.) With respect to the establishment of an easement as a condition precedent to the granting of equitable relief, the law has been expressed as follows: "If a complainant's right to an easement is clear, it is not necessary that it be first established before equity will grant relief. If, however, his right to an easement is involved in substantial dispute, no injunction will be granted until the claim has been established at law." (25 Am.Jur.2d, Easements and Licenses, § 121, p. 524; see 28 C.J.S., Easements, § 107, p. 790; Note, 47 A.L.R. 552, 557.) ■ At common law the proper remedy in a court of law for interference with or the obstruction of a right of way was an action on the case.[1] (See Note, *supra*, 47 A.L.R. 552, 553.) The right of trial by jury existed with respect to the common law remedy of action on the case and, consequently, such right exists in a civil action under modern practice which formerly would have fallen within that common law form of action. (47 Am.Jur.2d, Jury, § 39, p. 658.)

■ As stated in *Robinson* v. *Puls*, 28 Cal.2d 664, at pages 665-666 [171 P.2d 430]: "It is settled in this state that where legal and equitable issues are joined in the same action the parties are entitled to a jury trial on the legal issues." (See *State Farm etc. Ins. Co.* v. *Superior Court*, 47 Cal.2d 428, 431-432 [304 P.2d 13].) Therefore, in the present case there was prejudicial error in the denial to the defendants Briggs of the right to have a trial by jury on the issue of whether the plaintiffs had an easement by prescription of the nature alleged in their complaint. This conclusion finds support in *O'Banion* v. *Borba,* 32 Cal.2d 145, at page 150 [195 P.2d 10]: "In *Conaway* v. *Toogood, supra* [172 Cal. 706 (158 P. 200)], the rule is succinctly stated: 'The question as to whether or not the use of a right of way has been adverse and under a claim of legal right so to do, or a mere matter of neighborly accommodation, is a question of fact to be determined by the jury, or the court sitting without a jury, from all the facts and circumstances of the case.' " (See 2 Witkin, Summary of Cal. Law (7th ed. 1960) Real Property, § 190, p. 1028.)

In *LeDeit* v. *Ehlert,* 205 Cal.App.2d 154 [22 Cal.Rptr. 747], the issue

---

[1] In Bouvier's Law Dictionary (Rawle's Revision 1914) it is stated (p. 129) under the heading of "Action on the case": "This was a remedy given by the common law, but it appears to have existed only in a limited form and to a certain extent until the statute of Westminster 2d. In its most comprehensive signification it includes *assumpsit* as well as an action in form *ex delicto;* at present when it is mentioned it is usually understood to mean an action in form *ex delicto.*" Under "Case" Bouvier states (p. 425) that the action lies for *"Torts committed forcibly* where the matter affected was *not tangible;* . . . as for obstructing a private way; Lambert v. Hoke, 14 Johns. (N.Y.) 383; Wright v. Freeman. 5 Harr. & J. (Md.) 467; Cushing v. Adams, 18 Pick. (Mass.) 110; Osborne v. Butcher, 26 N.J.L. 308; . . ."

of the existence of a prescriptive easement was submitted to a jury which found in favor of the parties claiming such an easement and returned special verdicts as to the nature and extent of the easement. The trial court thereupon entered a "Judgment Upon Verdict and Permanent Injunction." The appellate court rejected the contention that the judgment did not conform to the terms of the verdict. (205 Cal.App.2d at p. 167.) With respect to the portion of the case which was of an equitable nature the court stated (205 Cal.App.2d at p. 169): "Appellants complain that the judgment provides for injunctive relief, which is not specified in the verdict. It is the function of the court, of course, to render such relief; the power of injunction does not fall within the province of a jury. Further, the injunction constitutes a common method of protection against the infringement of easements."

█ The determination expressed hereinabove as to the right to trial by jury as to the issue of the existence of a prescriptive easement requires a reversal of the judgment in spite of the plaintiffs' argument that the trial court "found judgment on the basis of an easement by estoppel in addition to the ground of prescription" and that, consequently, the defendants Briggs "are not prejudiced by the denial of a jury trial should any legal issues be found, as this is an addition [*sic*] equitable ground upon which to base the trial court's decision." Whether there was conduct on the part of the defendants Briggs or anyone in privity with them which constituted an estoppel was an issue of fact to be submitted to the jury in a trial by jury.[2] (*Hudson* v. *Morgan & Peacock Properties Co.*, 170 Cal.App.2d 328, 330 [339 P.2d 180]; *California Packing Corp.* v. *Lopez*, 207 Cal. 600, 603 [279 P. 664, 64 A.L.R. 1412].)

The judgment is reversed.

Schweitzer, J., and Allport, J., concurred.

---

[2]That this view is not of recent origin is evident from the following statement in Bouvier's Law Dictionary (Rawle's Revision 1914) at page 1082: "The doctrine of estoppel *in pais* is applied at law as well as in equity; Dickerson v. Colgrove, 100 U.S. 578, 25 L.Ed. 618 (where the early cases are cited); [additional citations]; and therefore it is neither necessary nor permissible. to resort to equity to obtain the benefit of it; [citations] . . . ."