2015 VT 12

**STATE of Vermont v. Walter LECLAIRE**

[___ A.3d ___]

No. 00-549

¶ 1. December 6, 2000. Defendant is charged with committing second degree murder, cruelty to a child and as a habitual offender in violation of 13 V.S.A. §§ 2301, 1303, 11. He appeals the district court's order that he be held without bail. We affirm.

¶ 2. The punishment for murder in the second degree is life imprisonment. 13 V.S.A. § 2303(b), and therefore, defendant is not entitled to bail as a matter of right if the evidence of guilt is great. 13 V.S.A. § 7553. The standard of review for denial of bail is whether substantial, admissible evidence, taken in the light most favorable to the State and excluding modifying evidence, can fairly and reasonably show defendant guilty beyond a reasonable doubt. *State v. Duff*, 151 Vt. 433, 440, 563 A.2d 258, 263 (1989).

¶ 3. The district court's entry order denying bail states in pertinent part:

Defendant is charged with life imprisonment offenses 13 V.S.A. §§ 11, 2303(b). Based on May 12, 1999 findings by J. Van Benthuysen of [a] *prima facie* case, the "evidence of guilt is great." *State v. Duff*, 151 Vt. 433 (1989). Defendant is not entitled to bail. 13 V.S.A. § 7553.

¶ 4. On appeal, defendant argues that the district court's denial of bail cannot be upheld because of its reliance on the May 12, 1999 findings. Specifically, defendant asserts that (1) Judge Van Benthuysen's opinion and order of May 12, 1999 made a determination of great evidence of guilt only in the context of a motion to dismiss a charge of first degree aggravated domestic assault, 13 V.S.A. § 1043(a)(1), for which the penalty is less than life imprisonment; (2) the order made no reference to evidence of defendant's convictions that may support a term of life imprisonment pursuant to the habitual criminal statute, 13 V.S.A. § 11; and (3) there has been no finding that there is great evidence of guilt of an offense for which the punishment is life imprisonment. We disagree.

¶ 5. Defendant ignores Judge Van Benthuysen's July 1, 1999 opinion and order responding to defendant's motion for reduction of bail. At that time, the district court noted:

Both informations in these matters were amended on June 25, 1999 to allege life sentence penalties. Defendant Walter Leclaire is now charged with second degree murder in docket 1168, all in violation of 13 V.S.A. section 2303(b). He is also now charged with cruelty to a child in docket number 1169 in violation of 13 V.S.A. section 1303. This charge is now alleged to be a felony with a potential penalty of life imprisonment based on the Defendant's alleged status as an habitual offender. Both charges arise out of an incident alleged to have occurred in Burlington on March 3, 1999.

The court found that "a review of the evidence in this case establishes that the evidence of defendant's guilt is great."

¶ 6. At its bail review of November 21, 2000, the district court had available to it the opinions and orders of July 1, 1999 and May 12, 1999 as well as supporting documentation and affidavits. The district court noted that it also received a supplemental deposition by Dr. Alexander which the trial court noted tended to "further negate accident or independent intervening means as the cause of death in this case."

¶ 7. A defendant in a criminal case may be held in custody without bail if "charged with an offense punishable by life imprisonment when the evidence of guilt is great." 13 V.S.A. § 7553. We will affirm the trial court's decision if it is supported by the proceedings below. *State v. Blackmer*, 160 Vt. 451, 456, 631 A.2d 1134, 1137 (1993). The prosecution must establish by affidavits, depositions, sworn oral testimony or other admissible evidence that it has substantial admissible evidence as to an offense punishable by life imprisonment, which when taken in the light most favorable to the State can reasonably and fairly show the defendant guilty beyond a reasonable doubt. The State has done so in this case.

*Affirmed.*