*Densmore Road Common Interest Community v. Ratico*, 34-4-16 Oecv (Harris, J., Oct. 1, 2018)
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT

SUPERIOR COURT                                             CIVIL DIVISION
Orange Unit                                               Docket No. 34-4-16 Oecv


DENSMORE ROAD COMMON
INTEREST COMMUNITY, Plaintiff

     v.

JAY RATICO, Defendant and Counterclaim Plaintiff

     v.

DENSMORE ROAD COMMON
INTEREST COMMUNITY, Counterclaim Defendant


Opinion and Order


     The recent procedural history in this case is contained in the Court's June 15 Entry Order. The issue before the Court is whether there is a right to a jury trial on a counterclaim for declaratory relief seeking a prescriptive easement. Rule 39(a)(2) permits the court to raise the issue and the court did so, providing the parties to file memoranda on the issue.

     Plaintiff submitted a supplemental memorandum regarding this issue on July 2. The Supreme Court has recognized the right to a jury trial on counterclaims, as long as the counterclaim seeks legal relief. See *Merchants Bank v. Thibodeau*, 143 Vt. 132, 134 (1983). In this case, the counterclaim seeks a declaration that a vehicle may park at a certain location along an easement.

     The right to a trial by jury is provided in the Vermont Constitution, Chapter I, Article 12. The Supreme Court has interpreted Article 12 to "guarantee[] a right to jury trial to the extent that it existed at common law at the time of the adoption of the constitution in 1793." *Hodgdon v. Mt. Mansfield Co.*, 160 Vt. 150, 155 (1992). The Court's inquiry depends on "the nature of the action and whether it is the type of controversy that would have been tried by a jury under common law at that time." *Id.* (citing *Plimpton v. Town of Somerset,* 33 Vt. 283, 291-92 (1860)). In general, the common law did not provide "a right to a jury trial in equitable matters." *Murphy v. Stowe Club Highlands*, 171 Vt. 144, 163 (2000).

     The Court has indicated that the analysis turns on the type of action being brought and the type of relief being sought. *Hodgdon*, 160 Vt. at 155–56. The United States Supreme Court described the inquiry in this way: "First, we compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, we

examine the remedy sought and determine whether it is legal or equitable in nature." *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 42 (1989) (citation omitted).

Case law on the issue of a right to a jury trial for prescriptive easements "is split because there is some confusion on the 'perplexing' issue of whether at common law there was a right to jury trial on the existence of easements." *Walker v. 300 S. Main, LLC*, No. 2:05-CV-442 TS, 2007 WL 3088129, at *2 (D. Utah Oct. 22, 2007); see also *Right to jury trial in suit to remove cloud, quiet title, or determine adverse claims*, 117 A.L.R. 9 (1938) ("There are some conflict and confusion in the cases concerning what suits to quiet title, remove cloud, or determine adverse claims present issues triable as of right to a jury."). The fact that the action seeks declaratory relief is not necessarily dispositive. See *Simler v. Conner*, 372 U.S. 221, 223 (1963) ("The fact that the action is in form a declaratory judgment case should not obscure the essentially legal nature of the action.").

In *Walker*, a federal district court concluded that the issue of the *existence* of a prescriptive easement is for a jury, but all other issues regarding relief relating to an easement are equitable issues for the court. See *Walker*, 2007 WL 3088129, at *2. The Alaska Supreme Court reached a different conclusion because Alaska had long ago abandoned the "first step" of establishing title at law before enforcing a right to an easement at equity. *McGill v. Wahl*, 839 P.2d 393, 397 n.7 (Alaska 1992). The Alaska court held that "[a] claim for a prescriptive easement, like a claim for adverse possession, is in the nature of an equitable claim and was historically tried in the courts of equity," so no jury right attaches. *Id.* at 396.

Citing *McGill*, the *Walker* court stated that "a more detailed analysis of the common law reveals that even through an easement is traditionally an equitable right, the issue of the *existence* of a disputed easement must first be established in an action at law." 2007 WL 3088129, at *2 (emphasis added). As another court put it:

> Where the right to an easement is clear it need not be first established in an action at law, as a prerequisite to relief by injunction. Nevertheless, the question whether an easement exists in favor of one person against another is a purely legal one; and . . . if the right to an easement is in substantial dispute equity will not afford any relief until the right has been established in a court of law.

*Hollis v. Tomlinson*, 540 So. 2d 51, 52–53 (Ala. 1989) (citing 28 C.J.S. *Easements* § 107(b) (1941) (now § 252)); see also *Frahm v. Briggs*, 90 Cal. Rptr. 725, 728 (Cal. Ct. App. 1970) (citing the same C.J.S. treatise and reversing trial court for not permitting a jury trial on the issue of the existence of a prescriptive easement).

In Vermont, it is clear that an easement is traditionally an equitable right, see *Way v. Fellows*, 100 A. 682, 684 (Vt. 1917), but it is not clear whether a court of equity may determine the *existence* of that right, as discussed above. For example, in *Plimpton v. Converse*, the Court said:

> The burden was upon the plaintiff to establish . . . that he had acquired such a prescriptive right. . . . In absence of any proof or circumstances indicating the

contrary, it may do to assume that the use is adverse and under a claim of right. *But where, as in this case, the nature of the use may leave it doubtful . . . it is for the jury, and not the court, to say whether . . . the plaintiff has made out that his user has been under a claim of right to himself adverse to the defendant's title.*

42 Vt. 712, 717–18 (1870) (emphasis added). Similarly, in *D'Orazio v. Pashby,* the Court concluded that the "conflict in the evidence made the question of [defendant's] prescriptive right in the driveway one of fact for the jury." 150 A. 70, 73 (Vt. 1930); see also *Aldrich v. Griffith*, 29 A. 376, 380 (Vt. 1893) ("The evidence standing thus, it was for the jury to determine, under proper instructions, whether the defendant had acquired title by adverse possession, and the refusal of the court to submit this question to them was error.").

These Vermont cases appear to recognize the historical jury trial right as articulated in *Walker*, 2007 WL 3088129, *Hollis*, 540 So. 2d at 52–53, *Frahm*, 90 Cal. Rptr. at 728, and the treatise cited therein: Where the right to an easement is clear it need not be first established in an action at law, but if the right to an easement is in substantial dispute it is for the jury, not the court, to determine whether the right exists.

The cases cited by Plaintiff do not clearly weigh in the other direction. *City of Montpelier v. McMahon* regarded "purprestures," which are the wrongful appropriation or occupation of a public way. 85 Vt. 275, 275 (1911). Although *McMahon* stated that a court of equity may determine whether a public right of way exists for purposes of a purpresture, it is unclear whether a purpresture is historically analogous to a prescriptive easement for purposes of the discussion herein. Next, Plaintiff is correct that *Poronto v. Sinnott* regarded a question of a prescriptive way in the chancery court, but the matter was reversed and remanded because there was an unaddressed question of fact regarding the presumption of adverse use that was not considered below. 95 A. 647, 649 (Vt. 1915). The Court was silent on whether there was a jury right to the unaddressed question of fact on remand. In *Elliott v. Jenkins*, the Court assumed that a party had title to determine whether equitable relief was available. 37 A. 272, 273 (Vt. 1896) ("[W]e shall, for the purpose of discovering whether the orators are equitably entitled to the relief prayed for, assume that they have such title."). Thus, the Court did not address the issue of whether there was a jury trial right to the threshold issue of title. In any event, the Court concluded that the "orators" were not entitled to the equitable relief and reversed and remanded the case. Finally, the issue in *Ottaquechee Woolen Co. v. Newton* regarded an injunction against the erection of a dam on the Connecticut river. 57 Vt. 451, 465 (1885). The Court affirmed the dismissal of the bill seeking an injunction, stating that a "court of equity never decrees a forfeiture; and granting the injunction prayed for would be doing by indirection what it is not competent to do directly." 57 Vt. at 467. At most, *Ottaquechee Woolen Co.* affirmed that the Court *lacked* the equitable jurisdiction over the particular injunction at issue in the case.

In light of the cases from other jurisdictions and their apparent congruity with Vermont common law, this Court is reluctant to abridge a potential right to a jury trial in this case. Based on the above discussion, the Court cannot conclude that an action to establish the existence of a prescriptive easement historically originated in the courts of equity. **The Court will therefore follow the guidance in *Walker*, and submit the issue of the existence of a prescriptive**

3

**easement to the jury, but reserve all other issues regarding relief relating to the easement for the court. See *Walker*, 2007 WL 3088129, at \*2.**

Plaintiff's memoranda provided suggestions and sought clarity as to the logistical considerations of a joint judge and jury trial if the court allowed the jury trial on the prescriptive easement counterclaim. In the trial, as described above, the jury's sole role will be to determine whether the claimed prescriptive easement existed. There will be no need for any detailed special interrogatories to be used at trial. A general verdict form, setting out the core prescriptive easement elements and asking if the jury has found such a right existed as to the parking of vehicles within the right of way, shall suffice.

If the jury renders a counterclaim verdict for defendant, the court will define its scope and parameters under a written order of decision, consistent with the evidence. If the jury finds defendant did not show the existence of a prescriptive easement, judgment will be entered for Plaintiff on the counterclaim. On the prescriptive easement counterclaim, the jury's determination whether the prescriptive easement exists is determinative, as findings the court issues on equitable claims must be consistent with the jury verdict on issues triable to the jury. See *LeBlanc v. Snelgrove*, 2015 VT 12, ¶ 39, 200 Vt. 570; citing *Retrovest Assoc. v. Bryant*, 153 Vt. 493, 495 n. 1 (1990).

In this case, the counterclaim trial will occur in the same one day trial as the bench trial on Plaintiff's claims as to the easement (counts to enforce, declaratory relief, permanent injunction; trespass). To the extent that Defendant contends the easement language granting a right of way "for all lawful purposes" should be interpreted to include parking, that issue is one for the court to make as part of the bench trial of the complaint counts. The evidence on the interpretation of the 1984 and/ or 1987 deed instrument(s) will focus upon the intent of the parties at they time they contracted. By contrast the prescriptive easement evidence will focus on the uses of the easement area after the different lots were created. While some witnesses will provide testimony on both sets of issues, and some of the evidence may overlap, the court can direct the jury with proper instructions. The court may even provide the jury an initial set of instructions, at the outset of the trial, to help focus their attention on the specific and narrow trial task committed to their consideration – whether a prescriptive easement existed.

Dated at Chelsea, Vermont, July ___, 2018.

_____
Michael J. Harris
Superior Court Judge